No. 1738.—BENJAMIN JACOBS *v.* MRS. WIDOW M. B. WARFIELD.

A procuration or power of attorney which does not specify the time at which the agency is to terminate, leaves it discretionary with the principal to discharge the agent at pleasure. The agent can not, therefore, maintain an action against his principal in damages for a breach of contract in having discharged him at any particular time, if good cause is shown.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *Saucier & Michinard*, for plaintiff and appellee. *John H. Ilsley*, for defendant and appellant.

WYLY, J. The defendant has appealed from the judgment condemning her to pay the plaintiff $2610 for violating the contract which she made with him on the sixth day of October, 1865, and for money advanced by him for her benefit under said contract.

In this contract the plaintiff was employed as an agent to superintend all the business of the defendant in the parish of St. John the Baptist, in relation to certain wild lands which the defendant owned in said parish; and he was specially authorized to take charge of and exercise general control over said property; to prevent the commission of trespass or wastes upon said lands, and to appear in court to prosecute and defend all suits in reference thereto, as occasion might require, "with the distinct understanding that no other charge shall be made by the said Jacobs for his services in taking charge of the said lands and removing therefrom all trespassers, than one-fourth interest in the revenue derived from the sale of wood and timber cut therefrom by said Jacobs and his employes, as herein expressed, which shall be a full and adequate remuneration and compensation for all services that he, said Jacobs, may render the said Mrs. Warfield under and by virtue of this procuration." It was further stipulated that the said agent was not to institute proceedings against any trespasser

without first obtaining the written consent of the defendant; and, also, that the said Jacobs was in no wise to disturb or interfere with such persons as might have the written sanction of Mrs. Warfield to be on said lands and cut and sell timber therefrom.

There was no period fixed in the act as the term for which the said Jacobs was employed.

Under this contract we think the defendant had the right to discharge her agent and employe whenever she saw fit to do so.

From the evidence we are satisfied that the plaintiff did not comply with his contract, and the defendant had good cause to discharge him. His demand for damages for breach of contract must, therefore, fail. It appears, however, that the plaintiff paid ten dollars to an attorney and twenty-five dollars costs in a suit for the benefit of the defendant, and we think he was justifiable in doing so under the act of procuration. For these sums he should have judgment. The demand for the other sums which the plaintiff claims to have paid for the defendant pursuant to the contract is not supported by the evidence.

It is therefore ordered that the judgment herein be reduced to thirty-five dollars, and as thus amended that it be affirmed. It is further ordered that the plaintiff pay costs of this appeal.

Rehearing refused.