THOMAS J. HARPER *vs.* JOHN G. HASSARD and others.

By a written contract reciting that B. intended to carry on a certain business, and wished to secure the services of A., A. agreed to give, "during the term of not exceeding three years from the date" of the instrument, his exclusive time and skill to the business, and not to be connected "during the continuance of this agreement" with any other person in such business; and B. agreed "during the said term to pay" A. "$30 per week as compensation for his services so rendered." In an action by A. against B. for wrongfully discharging him before the expiration of three years, *Held*, that B. could terminate the contract at any time by giving reasonable notice.

CONTRACT to recover damages for an alleged breach of the following agreement signed by the parties :

" This agreement made this third day of August, A. D. 1872, by and between John G. Hassard, Joseph W. Foster and Russell B. Foster, and Thomas J. Harper, witnesseth, that whereas the said Hassard and Fosters intend to carry on the business of making oil and water colors in Milford, county of Worcester, and Commonwealth of Massachusetts, under the firm of Hassard, Foster & Co., continuing and carrying on the business which has recently been carried on by said Hassard for C. R. Thayer, and whereas they wish to secure the services of said Harper in the making of said colors : It is agreed between said parties as follows : the said Harper agrees with the said Hassard and Fosters that he will, during the term of not exceeding three years from the date of this agreement, render and give his exclusive time, services, skill and energy to them in the manufacture of oil and water colors, and also instruct and teach them during the said term the art of manufacturing or making colors, in all its details, so far as it lies in his power to do so. In consideration of the above the said Hassard and Fosters agree during the said term to pay to the said Harper thirty dollars per week as compensation

for his services so rendered. And the said Harper further agrees that he will not during the continuance of this agreement be in any way connected with any other person or persons or corporation in the manufacture of colors. Witness our hands the day and year above written."

At the trial in the Superior Court before *Dewey*, J., it appeared that the plaintiff entered into the employment of the defendants and so continued till October 5, 1872, when he received a notice dismissing him therefrom.

The defendants claimed that they had a right to terminate the agreement at any time, and that they had been induced to make it by the false and fraudulent representations of the plaintiff as to his skill and ability as a color maker, and that in consequence of the falsity of his representations, and of his incapacity, they were justified in terminating it.

Evidence was introduced by both parties as to these representations, and instructions were given by the court as to the representations and the rights of the parties as to the same, to which no objection was made.

Evidence was introduced upon the question of damages. The plaintiff contended that he was entitled to recover from the day of his discharge till the end of the stipulated term of service. The defendants contended that damages could be recovered only to the commencement of the action. The jury under the instructions of the court made three assessments; one as contended for by the plaintiff, one as contended for by the defendants, and a third to the time of the rendition of the verdict. The case was reported to this court, judgment to be entered for that sum found by the jury which this court should adjudge to be properly assessed.

*T. G. Kent*, for the plaintiff.

*G. F. Verry*, for the defendants.

GRAY, C. J.* The written agreement in which the parties have expressed the contract between them, and by the construc-

---

* This case was argued at the bar at this term, and afterwards in writing, and considered by all the judges.

tion of which this case must be determined, consists of, 1st, a recital that the defendants intend to carry on the business of making oil and water colors and wish to secure the services of the plaintiff in the making of said colors ; 2d, an agreement of the plaintiff with the defendants " that he will, during the term of not exceeding three years from the date of this agreement, render and give his exclusive time, service, skill and energy to them in the manufacture of oil and water colors, and also instruct and teach them during the said term the art of manufacturing or making colors in all its details, so far as it is in his power to do so ; " 3d, in consideration of the above, an agreement of the defendants " during said term " to pay to the plaintiff " thirty dollars per week as compensation for his services so rendered ; " 4th, an agreement of the plaintiff that he will not " during the continuance of this agreement " be connected with any other persons in the manufacture of colors.

The preamble declares the intention of the defendants to carry on the business, and their purpose to secure the services of the plaintiff, and specifies no time. The agreement of the plaintiff is to serve the defendants " during the term of not exceeding three years, " that is to say, a term which cannot be more, but may be less, than that time. The agreement of the defendants is to pay him a weekly compensation, not for any definite time, but only " during said term " of three years or less. And the further agreement of the plaintiff not to be connected with others in the same manufacture is likewise limited " during the continuance of this agreement."

There is no express agreement of the defendants to employ the plaintiff for three years, and no stipulation from which, in our judgment, such an agreement can be implied. The agreement appears to have been framed and adapted to secure to the defendants the right to the exclusive services of the plaintiff for such time, not extending beyond three years from its date, as he should perform such services and they should continue the business and require his services, paying him the stipulated compensation weekly, so long only as he should be employed by and faithfully serve them ; but not to oblige them to continue the

business, or to employ him therein, except at their own election, or to pay him any compensation after reasonable notice that they should no longer require his services. This case does not present the question whether the plaintiff had a similar right of election.

We find no decision, in any of the cases cited in the able and elaborate arguments of counsel, which is inconsistent with this view. In *Aspdin* v. *Austin*, 5 Q. B. 671, and in *Dunn* v. *Sayles*, Ib. 685, the plaintiff was held not entitled to recover anything but the compensation which the defendant had agreed to pay for a fixed time. In *Hartley* v. *Cummings*, 5 C. B. 247, the agreement of the plaintiff was to serve the defendants " at all times for and during the term of seven years." In *Elderton* v. *Emmens*, 6 C. B. 160, and 4 H. L. Cas. 624, the agreement which was held binding for one year was in terms to employ a solicitor at " an annual salary," which was held to imply an agreement to employ him for one year at least. In *Pilkington* v. *Scott*, 15 M. & W. 657, and in *Revere* v. *Boston Copper Co.* 15 Pick. 351, the expression of a contingency in which the employer might terminate the contract precluded the implication that he could terminate it otherwise.

For these reasons, it is the opinion of the majority of the court that the defendants had the right to elect to terminate their agreement with the plaintiff at any time by reasonable notice ; and none of the judges have any doubt that this point, having been set up in the answer and insisted on at the trial, and affecting the very foundation of the plaintiff's action, is open to the defendants upon the report.          ***Verdict set aside.***