## HARRY H. BRADLEE *vs.* SOUTHERN COAST LUMBER COMPANY.

Suffolk.    November 13, 1906. — January 1, 1907.

Present : KNOWLTON, C. J., HAMMOND, BRALEY, LORING, & SHELDON, JJ.

*Agency*, Termination.    *Contract*, What constitutes.    *Pleading*, *Civil*, Declaration.

By an instrument in writing, executed under seal by a lumber company and one B. named therein, the company appointed B. its "sales agent, for the sale of all the lumber that will or may be sawed from the timber now owned by the company on" a certain tract named, "the said B. agreeing on his part to sell all our lumber by the time it is in shipping condition at the market price." The instrument further provided that "the said B. shall receive a commission of five per cent for selling on the f. o. b. shipping point prices on all lumber sold by him and shipped by the company in compliance with the terms of this agreement, which appointment is made in accordance with the authority given the board of directors in article second of section third. . . . We, the company, to pay all necessary travelling expenses of the said B." The article of the by-laws referred to provided that "The board of directors shall have the power . . . to appoint and remove at pleasure all employees and agents of the corporation." The agent sued the company upon this instrument as a contract, alleging as a breach that the defendant "notified the plaintiff that it would not require his services as selling agent for said lumber" and refused "to allow him to carry out his part of said contract." On demurrer, it was *held*, that the declaration set forth no cause of action, the appointment of the plaintiff being revocable at the pleasure of the directors of the defendant, and the agreement contained in the instrument relating only to the nature of the plaintiff's agency and the compensation to be paid him while the agency was in force.

In an action of contract against a lumber company on an agreement in writing under which the plaintiff was appointed the selling agent of the defendant for a certain territory and afterwards was notified by the defendant that his services as selling agent no longer would be required, the declaration alleged "that before said denial of the existence of said contract and said notification by the defendant to the plaintiff that it would not require his services as said selling agent the plaintiff relying upon said contract consumed much time and went to great expense in arranging and negotiating with purchasers for the sale to them of said lumber when the same would be in shipping condition, and had rendered a great amount of service to the defendant for the purpose of carrying out said contract and had expended large sums of money in placing the defendant in a position to operate and saw said timber into lumber in order that the same would be in shipping condition." On demurrer, it was *held*, that the foregoing portion of the declaration contained no allegation that the plaintiff set on foot any negotiations which resulted in sales or that he incurred any expenses in negotiations so resulting.

CONTRACT for the alleged breach of a contract in writing. Writ dated October 4, 1905.

The declaration as amended was as follows:

"And the plaintiff says that on the sixteenth day of February A. D. 1903, the defendant made a written contract with the plaintiff, a copy of which is hereto annexed and marked 'A,' (together with a copy of article second of section third of the defendant's by-laws, which is marked 'B,') by which the defendant agreed to employ and did employ the plaintiff as the selling agent of the defendant to sell all the lumber that was to be cut and sawed from the timber on a certain tract of land owned by the defendant and known as the Tuckahoe plantation, situated in Screven County in the State of Georgia for which the defendant agreed to pay the plaintiff a commission of 5% on the f. o. b. shipping point prices on all the lumber thus sold by him and shipped by the defendant and in addition the defendant agreed to pay all necessary travelling expenses of the plaintiff; and the plaintiff agreed to and did become the said selling agent for the defendant under the terms of said contract. That the defendant has already cut and sawed a large amount of lumber from timber on said tract which lumber is in shipping condition and is now cutting and sawing lumber from said timber, and intends to continue cutting and sawing said timber until all of the timber on said plantation has been cut and sawed into lumber.

"And the plaintiff has always been and is ready and willing and able to sell all of said lumber thus cut and sawed and to be cut and sawed from said timber on said Tuckahoe plantation in accordance with the terms of said contract and has repeatedly notified the defendant of his readiness and ability to carry out all the terms of said contract incumbent upon him to perform, but the defendant refuses to allow him to carry out his part of said contract and denies the existence of said contract and has notified the plaintiff that it would not require his services as selling agent for said lumber. That before said denial of the existence of said contract and said notification by the defendant to the plaintiff that it would not require his services as said selling agent the plaintiff relying upon said contract consumed much time and went to great expense in arranging and negotiating with purchasers for the sale to them of said lumber when the same would be in shipping condition, and had rendered a

great amount of service to the defendant for the purpose of carrying out said contract and had expended large sums of money in placing the defendant in a position to operate and saw said timber into lumber in order that the same would be in shipping condition.

"And the plaintiff says that the amount of timber upon said Tuckahoe plantation which was included under the terms of said contract would produce about thirty million feet of lumber and that the plaintiff was, is and always has been ready and willing and able to sell the same at market prices in accordance with said contract, and that by the refusal of the defendant to perform the part of said contract incumbent upon it to perform the plaintiff has suffered great damage, to wit; in the sum of twenty-five thousand (25,000) dollars."

The instrument marked "A" annexed to the declaration was as follows:

"In consideration of one dollar ($1.00) and other valuable considerations, the receipt whereof is hereby acknowledged, we, the Southern Coast Lumber Company, a company duly incorporated under the laws of the State of Maine, with principal office in Boston, Mass., hereby make the following contract with Harry H. Bradlee of Boston, Mass. : —

"Whereas: we, the Southern Coast Lumber Company, make and appoint the said Bradlee our sales agent, for the sale of all the lumber that will or may be sawed from the timber now owned by the company on the tract known as the Tuckahoe plantation, subject, however, to the following conditions: the said Bradlee agreeing on his part to sell all our lumber by the time it is in shipping condition at the market price, and if the said Bradlee fails to do so, then we, the Southern Coast Lumber Company, shall have the right to sell our lumber at such times, and the said Bradlee shall not receive any commission or payment on any and all sales so made by company.

"The said Bradlee shall receive a commission of five per cent. (5%) for selling on the f. o. b. shipping point prices on all lumber sold by him and shipped by the company in compliance with the terms of this agreement, which appointment is made in accordance with the authority given the board of directors in article second of section third, relating to powers of directors.

' " We, the company, to pay all necessary travelling expenses of the said Bradlee.

" Witness our hands and seals this sixteenth day of February, 1903.

" Southern Coast Lumber Company.

. By Alfred Shales, Treas.   (Seal)

Harry H. Bradlee."   (Seal)

The article of the by-laws marked " B " was as follows :

" Section 3.   The Board of Directors shall have the power :

" Second.   To appoint and remove at pleasure all employees and agents of the corporation, prescribe their duties, and require of them security for the faithful discharge of the same."

The defendant demurred to the declaration, and for cause of demurrer specified that the declaration did not set forth any contract to retain the plaintiff in the defendant's employ or any breach of any contract but only an authority to the plaintiff to act as the defendant's agent revocable and revoked by the defendant.

In the Superior Court the case came on to be heard before *Fessenden,* J. upon the demurrer to the amended declaration as above set forth.   The judge overruled the demurrer, and, being of the opinion that the questions raised by the demurrer ought to be determined by this court before any further proceedings in the trial court, reported the case to this court for such determination.

*W. W. Towle* (*F. K. Linscott* with him,) for the plaintiff.

*E. R. Thayer* (*T. K. Lothrop, Jr.,* with him,) for the defendant.

LORING, J.   We are of opinion that this demurrer must be sustained.

The plaintiff's first contention is that in and by the writing declared on the defendant impliedly agreed that the plaintiff should have the right to sell all the lumber sawed by it on the tract of land owned by it, called the Tuckahoe plantation, mentioned in that writing.

In giving a construction to the writing here in question, the form into which it was put by the parties is of great if not vital importance.

It is in form an appointment or the recital of an appointment of the plaintiff as the defendant's agent for the sale of the defendant's lumber, followed by an agreement as to the compensation to be made for such sales (and ending with a reference to one of the by-laws of the defendant corporation) by which the plaintiff's appointment is in terms made revocable at the pleasure of the defendant's directors.

The statement in such an instrument that the plaintiff is the defendant's agent "for the sale of all the lumber that will or may be sawed" on the tract of land in question cannot be construed to be an implied agreement on the part of the defendant, which is broken by the defendant if the plaintiff's authority is revoked by the defendant's directors (in pursuance of the by-law referred to), before he has sold all the lumber in question. That statement must be construed to be what it purports to be, namely, a provision as to what the agency is so long as it continues in force. It probably was inserted, as suggested by the defendant's counsel, to make it plain that the plaintiff's agency extended to all kinds of lumber sawed from the plantation in question.

In our opinion, by the true construction of this contract the appointment of the plaintiff was revocable at the pleasure of the directors of the defendant corporation, and the agreement made was an agreement as to the nature of his agency and as to the compensation to be paid to him while the agency was in force.

The conclusion to which we have come is supported by *Douglass* v. *Merchants Ins. Co.* 118 N. Y. 484, cited by the plaintiff. We have examined all the other cases cited by him and find nothing in them to the contrary. Our conclusion is also supported by the construction given to the written agreements in question in the following cases: *Harper* v. *Hassard*, 113 Mass. 187; *Coffin* v. *Landis*, 46 Penn. St. 426; *Orr* v. *Ward*, 73 Ill. 318; *Jacobs* v. *Warfield*, 23 La. Ann. 395; *Williamson* v. *Taylor*, 5 Q. B. 175; *Aspdin* v. *Austin*, 5 Q. B. 671; *Dunn* v. *Sayles*, Dav. & Mer. 579; *Burton* v. *Great Northern Railway*, 9 Exch. 507. See also in this connection *Busell Trimmer Co.* v. *Coburn*, 188 Mass. 254; *Lees* v. *Whitcomb*, 5 Bing. 34; *Sykes* v. *Dixon*, 9 Ad. & El. 693; *Chicago & Great Eastern Railway* v. *Dane*, 43 N. Y. 240; *Martin* v. *New York Ins. Co.* 148 N. Y. 117.

The plaintiff's second contention is that if that be the true construction of the writing declared on he is entitled to recover (1) for what he did before his appointment was revoked in setting on foot negotiations which resulted in sales, and (2) for expenses incurred by him in his agency.

The difficulty with this contention is that he has not alleged that he did set on foot any such negotiations or that he incurred any such expense. The breach alleged is " That before said denial of the existence of said contract and said notification by the defendant to the plaintiff that it would not require his services as said selling agent the plaintiff relying upon said contract consumed much time and went to great expense in arranging and negotiating with purchasers for the sale to them of said lumber when the same would be in shipping condition, and had rendered a great amount of service to the defendant for the purpose of carrying out said contract and had expended large sums of money in placing the defendant in a position to operate and saw said timber into lumber in order that the same would be in shipping condition."

The entry must be

*Order overruling demurrer reversed; demurrer sustained.*