NEIL McNEIL *vs.* AMERICAN BRIDGE COMPANY.

Suffolk.   March 12, 1907. — June 19, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Contract*, Performance and breach. *Evidence*, Presumptions and burden of proof. *Practice, Civil*, Conduct of trial, Judge's charge.

In an action for an alleged breach of a contract to deliver to the plaintiff certain structural steel and iron " as per plans and specifications " for a building named, the deliveries to be made within certain specified times after the receipt from the plaintiff " of complete figured drawings and specifications," where the defence was that the defendant's delay in the delivery of the materials was due to the failure of the plaintiff to furnish the complete figured drawings and specifications required, there was evidence that about one month after the making of the contract the defendant notified the plaintiff in writing of the plans and specifications which it would require and that about three weeks later the defendant

acknowledged the receipt from the plaintiff of the plans and specifications thus called for. The defendant asked the presiding judge to instruct the jury that the defendant was not bound under the contract to deliver any part of the required materials until after the receipt of complete figured drawings for the whole building and also to instruct them that if the plaintiff did not perform his part of the contract he could not recover from the defendant for the defendant's failure to carry out its part of the contract. There was no contention that the plaintiff failed to perform his part of the contract except in the matter of furnishing complete figured drawings. The judge refused to give these instructions, and the jury returned a verdict for the plaintiff. *Held,* that the refusal was right, as the instructions requested contained no reference to the matter of waiver on the part of the defendant, and it was a question for the jury whether the defendant expressly or by its conduct had waived the receipt of complete figured drawings, or had lost the right to object that such drawings had not been furnished.

At the trial of an action of contract for an alleged breach of a contract to deliver to the plaintiff certain structural steel and iron "as per plans and specifications" for a building named, the deliveries to be made within certain specified times after the receipt from the plaintiff of "complete figured drawings and specifications," where the defence is that the delay in the delivery of the materials was due to the failure of the plaintiff to furnish the complete figured drawings required, it is not necessary for the presiding judge upon the request of the defendant to tell the jury in so many words that the burden of proof is upon the plaintiff, if it is plain that from the tenor of the judge's charge the jury must understand that the plaintiff, to recover, is bound to satisfy them that the plans he furnished were "complete figured drawings" or that, if they were not, the defendant had waived any objection that the plans did not comply with the contract, or that the defendant by its conduct had estopped itself from taking advantage of that objection, it being immaterial that the precise phrase is not used by the judge so long as the substance of the matter is dealt with correctly.

MORTON, J. This action was tried with another between the same parties, the defendant in this action being the plaintiff in that one. Both cases were heard by an auditor whose report was in evidence, and who found for the defendant in this action with an alternative finding assessing the plaintiff's damages if he was entitled to recover. In the action of the *Bridge Co.* v. *McNeil,* both parties substantially agreed to the amount found due by the auditor, and the presiding judge, without any exception or objection thereto on the part of the defendant, directed a verdict for the plaintiff for the amount so found due with interest. In this action the jury returned a verdict for the plaintiff and the case is here on exceptions by the defendant, the bridge company, to the refusal of the judge to give certain rulings that were asked for, and to certain portions of the charge.

The action is for the breach of a contract entered into between the plaintiff and the bridge company for the delivery by the

latter at the site, " of structural steel or iron material including beams, columns, girders, beam bearing plates, beam anchors and connections as per plans and specifications for Institution for Savings," etc. The deliveries were to be made within certain specified times after the receipt by the bridge company from the plaintiff " of complete figured drawings and specifications." The plaintiff contends that the deliveries were not so made, and that in consequence of the delay he was compelled to purchase elsewhere the material required at enhanced prices, and was otherwise subjected to loss and damage. The defendant contends that the delay, if any, was due to failure of the plaintiff to furnish the "complete figured drawings and specifications" required, and that it is not liable for the loss or damage sustained by the plaintiff in consequence of such delay.

The contract was dated April 10, 1901. There was evidence tending to show that on April 16 the bridge company wrote to the plaintiff what plans and specifications they should require, and that on May 6 the defendant acknowledged the receipt from the plaintiff of the plans and specifications thus called for. The defendant contended that in certain important particulars, especially in regard to the roof beams, the plans did not have the figures necessary for their construction, and that its delay was due to the plaintiff's delay in furnishing these figures. The plaintiff contended that the plans that were furnished constituted " complete figured drawings " within the meaning of the contract and that there was no delay on his part. This was substantially the only issue and manifestly the question thus raised was one of fact to be determined by the jury according as they found, under the instructions of the court as to what, as matter of law, would constitute "complete figured drawings," that the plans that were furnished did or did not conform to the requirements thus laid down. The first instruction requested, that the plans furnished on or about May 6 were not, as matter of law, " complete figured drawings," could not therefore have been given, and is not now insisted upon. Neither is the second instruction requested that the bridge company was not responsible for delays on the part of the architects in approving plans submitted to them by it, now insisted upon. Certain other instructions that were requested, the fifth, tenth and eleventh in regard to dam-

ages, and the sixth, that the plaintiff did not carry out his part of the contract and consequently could not recover of the defendant in damages, have not been argued, and we treat them as waived. This leaves for consideration the third and fourth, and the seventh, eighth and ninth, which all were covered by the charge, we think, so far as the defendant was entitled to have them given. The third request was that the bridge company was not bound under the contract to deliver any part of the required materials until after the receipt of complete figured drawings for the whole building. This contained no reference to the matter of waiver on the part of the defendant, and, if given as presented, would have warranted the jury in finding for the defendant even though they were satisfied that the defendant, by its conduct or otherwise, had waived the receipt of complete figured drawings, or had lost the right to object that the same had not been furnished, and would, therefore, have been misleading. It was rightly refused. The same is true of the seventh request, that if the plaintiff did not perform his part of the contract he could not recover of the defendant because of its failure to carry out its part of the contract. There was no contention that the plaintiff failed to perform his part of the contract except in regard to the matter of furnishing " complete figured drawings," and this instruction like the third contained no reference to the effect of a waiver by the defendant upon the plaintiff's right to recover. The remaining instructions requested related to the burden of proof. The jury were not told in so many words that the burden of proof was upon the plaintiff; but it is plain, we think, that they must have understood from the tenor of the charge, that the plaintiff was bound to satisfy them in order to entitle him to recover, that the plans that he furnished were " complete figured drawings," or that, if they were not, the defendant had waived any objection which it might have had that they did not comply with the contract, or had by its conduct estopped itself from taking advantage of that objection. It is immaterial that the precise phrase was not used so long as the substance of the matter was dealt with.

The defendant excepted to that portion of the charge which related to the two purposes for which the plans were to be furnished, namely, one to give the defendant such information as

would enable it to manufacture the iron according to the dimensions marked for the building, and the other to fix the time when it was to deliver the manufactured material. The presiding judge instructed the jury in effect that the defendant could receive and accept the plans as fixing the time from which the deliveries were to be reckoned, and if they did so accept and receive them, then they were bound to make the deliveries accordingly. This was only another way of saying that if the plans were not complete the defendant could waive the objection, and that in that case the time for the deliveries should be reckoned from the time when the plans were received.

We see nothing in the manner in which the presiding judge dealt with the case which could have prejudiced the defendant or which requires that the exceptions should be sustained.

*Exceptions overruled.*

*J. B. Studley,* for the defendant.
*G. F. Ordway,* for the plaintiff.