CHARLES H. EMERSON *vs.* JACOB E. ACKERMAN & another.

Suffolk.  January 22, 1919. — June 24, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Contract*, Construction, Performance and breach.  *Agency.  Waiver.*

At the trial of an action of contract for commissions alleged to be due to the plaintiff for procuring sales of sole leather by the defendant to a certain firm, it appeared that, while the rate of commission was agreed upon, there was no express agreement as to a definite time during which the plaintiff should receive a commission for such sales and there was no evidence from which such an agreement could be implied.  *Held,* that the defendant could terminate the contract upon reasonable notice to the plaintiff.

At the trial above described, there was evidence that the defendant wrote a letter to the plaintiff on April 13 of a certain year stating that thereafter he would pay the plaintiff no commission on sales to the firm in question; that shortly thereafter the plaintiff talked on the subject with the defendant and told him that he would expect his commission, and the defendant said, "You will get it and anything that is coming to you;" that the next month he received a letter from the defendant enclosing a check for commissions through the month of April; that, at the end of January of the following year, he received a further payment of commissions from the defendant; that he had received nothing between that time and the time of the bringing of the action, two years and two months later, and, when he spoke to the defendant about it, the defendant said that he "would get anything that was coming to him."  *Held,* that, whether the defendant had waived his right to terminate the contract depended upon what was the intent of the parties and was a question of fact for the jury, who were warranted in finding that there had been such a waiver.

CONTRACT for commissions for procuring certain sales of sole leather by the defendants to a firm known as "Dunn and McCarthy."  Writ dated March 25, 1916.

In the Superior Court, the action was tried before *Lawton, J.* The material evidence is described in the opinion.

At the close of the evidence the defendants asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. If the contract was so far incomplete that the period of its intended duration cannot be determined by a fair inference from its provisions, either party is at liberty to terminate it at will on giving reasonable notice of his intention so to do.

"3. The parties having left out of the contract the question of its duration the defendants cannot therefore be held to have entered into a contract to extend for all time.

"4. If you find that the contract between the parties was oral and that the respondents agreed to pay ten cents per case on goods sold to Dunn and McCarthy in consideration of the personal services of the complainant in helping to increase the sales by the defendant to Dunn and McCarthy, and no time as to its termination was referred to between the parties, either express or implied, then either party had the right after a reasonable time to terminate the contract upon giving reasonable notice.

"5. If there was an oral contract between the parties in which the plaintiff was to render his personal services to aid the defendants in selling goods to Dunn and McCarthy, and no time was set for the termination of the contract, either party upon reasonable notice could terminate the contract.

"6. If you find that the contract between the parties was an oral one and the defendants for a time were to pay ten cents per case on goods sold to a customer in consideration of the plaintiff rendering some service, the defendants had the right to terminate the contract after a reasonable time by giving reasonable notice.

"7. If you find that the arrangement between the parties was not to continue for any particular time, its continuance would be only during the pleasure of the parties and could be terminated at any time upon reasonable notice.

"8. If you find that there was no time fixed by the parties, express or implied, during which the contract was to continue, it was terminable upon reasonable notice.

"9. If you find that the contract between the plaintiff and the defendants was to pay ten cents a case on sales to Dunn and McCarthy for a while or for a time not stated, the defendants had a right to terminate the contract after a reasonable time upon giving reasonable notice."

These rulings all were refused, except the ninth, which was given with the words "or for a time not stated" stricken out. The jury found for the plaintiff in the sum of $2,601. The defendants alleged exceptions, it being agreed that, if the plaintiff was entitled to recover, he should recover $2,601.

The case was submitted on briefs.

*J. E. McConnell,* for the defendants.

*B. J. Killion & C. Toye,* for the plaintiff.

. CROSBY, J. This is an action of contract to recover a commission of ten cents a case on all cases of sole leather sold by the defendants to a concern known as Dunn and McCarthy.

The plaintiff and the defendants made an oral agreement, and the bill of exceptions recites that "The only material dispute between the parties is that relating to the time for which the agreement would run, and by virtue of the agreement the defendants paid the plaintiff ten cents per case on cases sold to Dunn and McCarthy for a period of time when the defendants on April 13, 1913, notified the plaintiff that they would no longer continue to pay the commission, and paid the plaintiff on January 27, 1914, the commission on all orders prior to April 13, 1913."

There was evidence that Dunn and McCarthy were former customers of the defendants who, before the contract between these parties was entered into, had ceased buying goods of the defendants.

The plaintiff testified that in August, 1911, one Buckley, a salesman in the employ of the defendants, came to his office and told him that he represented the defendants who had been unable to sell Dunn and McCarthy, and that "they would be glad to get them back . . . and wanted to know what the plaintiff could do about it; that he told Buckley he was selling them a lot of goods and might be able to do something for him and asked what the commission was, and Buckley said, 'The regular commission is ten cents a case,' and the witness replied that it was not much and Buckley then said he would take it up with the firm;" that afterwards Buckley came back and said his firm would give the plaintiff ten cents a case on all soles ordered by Dunn and McCarthy; that afterwards the plaintiff saw the defendant Ackerman, who said that he was very glad to get them (Dunn and McCarthy) as customers, that "They are great people, just what we want;" that the plaintiff replied, "It doesn't amount to much," and Ackerman said, "It will. It will be a good thing for you."

The plaintiff further testified that after the interviews with Buckley and Ackerman above referred to he went with Buckley to the factories of Dunn and McCarthy at Auburn and Binghamton, New York, and introduced Buckley; that thereafter

orders for goods were given by Dunn and McCarthy, some of which came through the plaintiff and were forwarded by him to the defendants; that he received a letter from the defendants, dated April 13, 1913, in which it was stated that thereafter they would not pay any more commissions on sales made to Dunn and McCarthy; that soon after the receipt of this letter, he talked with the defendant Ackerman and told him he would expect his commission and that Ackerman replied, "You will get it and anything that is coming to you;" that he received another letter from the defendants, dated May 2, 1913, in which it was stated that a check was enclosed for commissions due to April 30, 1913; that on January 27, 1914, he was paid by the defendants $159.60; that the defendants continued to receive orders from Dunn and McCarthy but they have paid him no commission since; that from February, 1912, until January 27, 1914, he received from the defendants between $1,500 and $1,600; that subsequently when he asked the defendants about the commission, "Mr. Ackerman said that he (plaintiff) would get anything that was coming to him." The plaintiff further testified that the services rendered by him to the defendants "continued for a period of a couple of years."

The defendant Ackerman testified that at an interview with the plaintiff, in the presence of his partner, Brummel, and Buckley, he (Ackerman) stated with reference to paying the plaintiff a commission on sales made to Dunn and McCarthy, "'We will try it for a while; see how it works' and parties agreed on a commission of ten cents per case."

We agree with the defendants that the term of the contract is to be determined as a question of fact upon all the evidence including the words used, the course of dealing, and other acts of the parties. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1.

Upon the evidence it appears that there was no express agreement that the plaintiff was to receive a commission on sales by the defendants to Dunn and McCarthy for any definite time, and there is no evidence from which such an agreement can be implied. Under such circumstances the defendants could terminate the contract upon reasonable notice to the plaintiff. The letter of April 13, 1913, would have been sufficient to terminate the contract in the absence of any evidence to show that the

notice therein given had been waived. *Harper* v. *Hassard,* 113
Mass. 187. *Marble* v. *Standard Oil Co.* 169 Mass. 553. *Bradlee* v.
*Southern Coast Lumber Co.* 193 Mass. 378. *Tubbs* v. *Cummings
Co.* 200 Mass. 555.

We are of opinion that the jury could have found, upon the
evidence above referred to and the other evidence recited in the
record, that the defendants had waived the notice given to ter-
minate the contract, and thereafter impliedly agreed to continue
to pay the plaintiff a commission on sales to Dunn and McCarthy
in accordance with the original understanding. *Jaques & Son*
v. *Parker Brothers,* 188 Mass. 94. *Natural Coal Tar Co.* v. *Malden
& Melrose Gas Light Co.* 189 Mass. 234. *McNeil* v. *American
Bridge Co.* 196 Mass. 56. Whether the defendants waived their
right to terminate the contract depended upon the intent of the
parties, to be ascertained from the evidence which was conflict-
ing; it was a question of fact for the jury. *West* v. *Platt,* 120
Mass. 421.

No exception was taken to the charge, portions of which, relat-
ing to the original contract only, are recited in the record. The
charge in this respect was adequate and sufficient to present to
the jury with accuracy the respective contentions of the .parties
on this branch of the case.

The only exceptions relate to the refusal of the court to give
nine rulings. The first, that upon all the evidence the plaintiff
is not entitled to recover, could not properly have been given
for the reasons stated. The ninth, as modified by the presiding
judge, was given in these words: "If you find that the contract
between the plaintiff and the defendants was to pay ten cents a
case on sales to Dunn and McCarthy for a while, the defendants
had a right to terminate the contract after a reasonable time upon
giving reasonable notice." This instruction was a correct state-
ment of the law, and was plainly applicable to the evidence before
the jury respecting the terms of· the original contract. In sub-
stance it covered all the other requests, except the first, and fully
protected the rights of the defendants.

The charge upon other issues involved in the case, including
that relating to waiver and not reported, we are bound to assume
was accurate and sufficient.

The exceptions must be overruled; and, in accordance with

the agreement recited in the record, judgment is to be entered for the plaintiff in the sum of $2,601, with interest from the date of the writ.

*So ordered.*