EDMUND D. HEWINS, INC. *vs.* MARLBORO COTTON MILLS.

Middlesex.    December 5, 1921. — July 1, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* What constitutes, Validity.    *Agency,* Agent's commission.    *Frauds, Statute of.*

At the trial of an action by a manufacturer's selling agent against the proprietor of a cotton mill for a commission on a sale of goods for the defendant, the plaintiff testified that the defendant orally promised that, if the plaintiff should thereafter submit any business to the defendant which should be accepted, the defendant would pay the plaintiff a commission on it and also would pay the plaintiff a commission on any other business which the defendant might at any time thereafter do with that customer, whether done through the plaintiff or not; and that the defendant also promised: "If you ever submit any business

to us and we take it and it is a brand new customer we have never solicited, we will pay you the commission on every pound of tire fabric that we ever ship, as long as we ever ship it." The plaintiff, beginning in November, obtained orders for the defendant's product from a corporation for which the defendant paid the plaintiff a commission. In the following June, the same customer wrote to the defendant asking for a price on future deliveries, and the defendant, without the intervention of any agent or broker, contracted with the customer for deliveries, until the sales amounted to over $216,000. Upon learning of this contract, the plaintiff claimed a commission on all the sales made by the defendant to the customer. *Held,* that

(1) The contract being oral and its terms being in dispute, it was a question of fact for the jury to decide, whether the contract as testified to by the plaintiff was made;

(2) Such a contract would continue as long as the defendant made sales to the customer, and, while it was very extensive, the jury might have believed that it was made;

(3) Such a contract would be enforceable;

(4) The fact, that the plaintiff was to receive a commission on all sales thereafter made to a new customer introduced by the plaintiff, did not enable the defendant to terminate this contract at will and deprive the plaintiff of its rights under it;

(5) Since the contract might have been completely performed within a year, and before the year had expired the defendant or the customer might have gone out of business and their relations ended, the statute of frauds, now G. L. c. 259, § 1, cl. 5, was not a defence.

CONTRACT to recover commissions alleged to be due to the plaintiff from the defendant on sales of tire fabric made to the East Palestine Rubber Company. Writ dated December 3, 1917.

In the Superior Court, the action was tried before *Bell,* J. Material evidence and rulings by the trial judge are described in the opinion. At the close of the evidence, a verdict was returned for the defendant by order of the judge; and the plaintiff alleged exceptions.

The case was argued at the bar in December, 1921, before *Rugg,* C. J., *Braley, De Courcy, Carroll,* & *Jenney,* JJ., and afterwards was submitted on briefs to all the Justices except *Pierce,* J.

*J. M. Maguire,* (*H. Guild* with him,) for the plaintiff.

*C. F. Lovejoy,* for the defendant.

CARROLL, J. The plaintiff is a manufacturer's selling agent. In August, 1915, Edmund D. Hewins, its president, met the defendant's president, Robert Chapman, at its mills in South Carolina, and discussed the matter of the plaintiff's selling the defendant's goods. Hewins testified that Chapman orally promised that if the plaintiff should thereafter submit any business to the

defendant which should be accepted, the defendant would pay the plaintiff a commission on it and would also pay the plaintiff a commission on any other business which the defendant might at any time thereafter do with that customer, whether done through the plaintiff or not; and that he also promised: "If you ever submit any business to us and we take it and it is a brand new customer we have never solicited, we will pay you the commission on every pound of tire fabric that we ever ship, as long as we ever ship it." Hewins obtained orders for the defendant's product from the East Palestine Rubber Company, beginning November, 1915, and sent the orders to Chapman. For these orders a commission was paid the plaintiff. In June, 1916, the East Palestine Rubber Company wrote the defendant asking for a price on future deliveries, and the defendant, without the intervention of any agent or broker, contracted with the rubber company for certain deliveries, until the sales amounted to over $216,000. Upon learning of this contract the plaintiff claimed a commission on all the sales made by the defendant to the rubber company. After its demand was refused, this action was brought.

At the trial in the Superior Court, the judge ruled that there was not sufficient evidence "to sustain the plaintiff's claim as to the terms of that contract" and that the contract was terminated "on May 22, and May 25, 1916. And that this order having been received and accepted after the contract was terminated, did not give the plaintiff a commission." To these rulings and to the order directing a verdict for the defendant the plaintiff excepted.

There was evidence that the plaintiff was to receive a commission on all goods sold by the defendant to a customer who became such by the plaintiff's efforts. The contract was oral, its terms were in dispute, and it was a question of fact for the jury to decide whether the contract as testified to by the plaintiff's witnesses was actually made. *Gassett* v. *Glazier*, 165 Mass. 473, 480.

It was for the jury to say whether the parties entered into a contract to pay the plaintiff a commission on all sales made to the East Palestine Rubber Company. The contract, according to the plaintiff, entitled it to a commission on all goods sold to a customer from whom the plaintiff submitted an offer, provided it was a customer to whom the defendant had not at that time

sold its goods. Such a contract would continue as long as the defendant made sales to the customer. While the contract is very extensive, the jury may have believed it was made. In *Carnig* v. *Carr*, 167 Mass. 544, a contract for permanent employment was held to be valid and it was construed to mean that so long as the employer continued in a particular business and had work which the plaintiff could do and desired to do, and so long as the plaintiff was able to do his work satisfactorily, the defendant would employ him. *Daniell* v. *Boston & Maine Railroad*, 184 Mass. 337. An agreement to support a husband and wife during their lives is enforceable. *Lavoie* v. *Dube*, 229 Mass. 87. *Lyman* v. *Lyman*, 133 Mass. 414. And an agreement not to compete in business, though it might continue during the life of the promisor, is valid. *Worthy* v. *Jones*, 11 Gray, 168. *Lyon* v. *King*, 11 Met. 411. *Marshall Engine Co.* v. *New Marshall Engine Co.* 203 Mass. 410. *Emerson* v. *Ackerman*, 233 Mass. 249, is not in conflict. In that case the ninth ruling of the trial judge that if the contract was "for a while . . . the defendants had a right to terminate the contract after a reasonable time upon giving reasonable notice," was held to be a correct statement of the law and was applicable to the evidence respecting the terms of the employment. The contract in *Emerson* v. *Ackerman* was not a permanent one and the plaintiff was not to have commissions on all sales made to the customers whom he introduced. There was no agreement to pay for services for any definite time. It was for an indefinite time and could be terminated upon reasonable notice. In the case at bar the plaintiff relies on a definite contract to pay it a commission for all time on all sales made in the future to the customer who became such by its efforts, and in this respect the case is to be distinguished from *Emerson* v. *Ackerman*. There was evidence in support of the plaintiff's claim and it could not be ruled that as matter of law there was no evidence to sustain it. The fact that the plaintiff was to receive a commission on all sales thereafter made to a new customer introduced by the plaintiff, did not enable the defendant to terminate this contract at will, and deprive the plaintiff of its rights under it, and the ruling that the plaintiff could not recover for the alleged commissions due under it was error.

The statute of frauds is not a defence. While the contract was

oral and might continue for several years, it might be completely performed within a year, and before the year had expired the defendant or the customer might have gone out of business and their relations ended. *Elwell* v. *State Mutual Life Assur. Co.* 230 Mass. 248, 253. *Scribner* v. *Flagg Manuf. Co.* 175 Mass. 536. *Walker* v. *Wilmington, Columbia & Augusta Railroad,* 26 S. C. 80, 88.

As the court ruled that there was no evidence to sustain the plaintiff's contention as to the terms of the contract and as this was the ruling to which exceptions were taken, other questions which have been argued are not considered.

*Exceptions sustained.*