## EDWARD A. COSTIGAN *vs.* JACOB K. LUNT & another.

A contract by two persons with a boat-builder to pay for a boat to be built for them a certain sum, " each his one half," is several, not joint; but under the Gen. Sts. *c.* 129, § 4, they may both be sued thereon in one action, and separate judgments rendered.

CONTRACT against Jacob K. Lunt and John R. Cummings on the following agreement signed by the plaintiff and the defendants: " I, Edward A. Costigan, agree to build a pilot boat, as per model and specifications furnished, for John R. Cummings and Jacob K. Lunt. Jacob K. Lunt is to pay for one half said pilot boat. I will furnish good stock and good workmanship in said pilot boat, and finish her internal arrangements, and to be according to specifications and to the satisfaction of said John R. Cummings and Jacob K. Lunt; and I, Edward A. Costigan, of the first part, agree to furnish and finish complete the above pilot boat for the sum of $5200; and we, John R. Cummings and Jacob K. Lunt, of the second part, agree to pay the said Costigan, of the first part, the sum of $5200, each his one half, in instalments, as follows: We shall pay the said Costigan the sum of $1500 when the above pilot boat shall be frame, and when she is planked up we will pay the sum of $1500, when she is caulked we will pay the sum of $500, and when she is launched and complete and delivered of all lien laws, we will pay the sum of $1700, being the balance due on said contract." The declaration contained a count against both de

fendants for the amount of the first instalment, and also counts against each defendant for half of the first instalment.

At the trial in the superior court, before *Reed*, J., the plaintiff's counsel, in opening the case to the jury, stated that he expected to prove " that the plaintiff, after the making of the contract declared upon, expended nearly $3000 for materials and labor in the construction of the boat; had to the satisfaction of the defendants proceeded so far with it as to become entitled to the first instalment, as provided in the contract, and had various parts of the boat ready to go in, when sufficiently advanced to receive them; that the defendants declined to pay the instalment then due, and gave the plaintiff notice that they would not take the boat, and not to finish her for them or on their account; that the plaintiff, on the receipt of this notice, having no means to complete the boat, ceased to work upon her, and at the time of the commencement of this suit the frame and the other parts designed for the boat remained in the condition they were in when the plaintiff received the notice; that the boat was to be built for a special purpose, and such boats are not built and kept for sale; and that all the work done and materials prepared for the boat were of little or no value in the market or to the plaintiff."

Upon the facts as stated in this opening, the judge intimated an opinion that the defendants were not jointly liable on the contract, and that no action could be maintained against them jointly thereon ; and, by the consent of the parties, he reported this question and the question of the measure of damages, if the plaintiff was entitled to recover anything upon these facts, for the determination of this court.

*N. Morse*, for the plaintiff.

*D. E. Ware*, for the defendants.

Ames, J. In opening the case to the jury the plaintiff offered to prove that he had, to the satisfaction of the defendants, proceeded so far in the construction of the boat under the contract as to become entitled to the first instalment; and that the defendants refused to pay that instalment. Upon this opening the presiding judge ruled that the defendants were not jointly

liable on the contract, and that no action could be maintained against them jointly thereon.

His contract was to build the boat for them, and when finished it was to belong to them, as tenants in common. But their promise to pay for it is several, and not joint. It is true that they express themselves in the plural number, and use the expression " we will pay," in reference to the several instalments that were to become payable at various stages, and upon the final completion, of the entire contract. But the terms of this promise must be considered as qualified by the stipulation that each of the defendants is to pay one half of the entire price, in instalments. Taking the whole instrument together, it must be interpreted as providing that each defendant shall pay one half of each instalment, as it becomes due, and no more. In a recent case in the court of exchequer, against two defendants jointly, upon a written promise substantially in these terms: " In consideration that you will sell to F." certain property " and will take F.'s acceptance for £400, and interest, payable at six months after the date, we undertake and guarantee that the said sum of £400 and interest shall be duly paid to you when the said acceptance arrives at maturity, in the proportion of £200 each," it was held that the defendants were severally liable in £200 each, but were not under any joint liability. *Fell* v. *Goslin*, 7 Exch. 185. That was a stronger case for the plaintiff than the case at bar.

It is very plain that no judgment could be rendered against the two jointly for any instalment, without rendering them jointly and severally liable for the amount, and making each to that extent a surety for the other ; and for that reason the plaintiff is not entitled to such a judgment. But it is expressly provided by the Gen. Sts. *c.* 129, § 4, that persons severally liable upon contracts in writing may all or any of them be joined in the same action. This statutory provision is more frequently applied to the case of bills of exchange and promissory notes, but is by no means confined to that class of cases. If the contract in this instance had been, as to the first instalment, to the effect that each defendant would pay seven hundred and fifty dollars, the

case would have been very plainly within the terms of the statute. The parties would have been severally liable on the same contract, and according to the statute it would have been proper to declare against both of them in a single count describing their several contracts; it being a case "when the same contract was made by each." The contract presented to us by the report is a promise by each to pay one half of the sum of fifteen hundred dollars, and is quite as clearly within the statute. Upon the facts stated by the plaintiff in his opening, therefore, there can be no doubt that he could lawfully join the defendants in the same action in a count properly describing their several contracts, and that it would be the duty of the court to enter judgment against them severally, according to their several contracts, and charging each of them with his half of the first instalment.

It is easy to see that under a contract so unskilfully drawn and so awkwardly expressed, many embarrassing questions may be raised, in the course of the trial. But it does not appear to us that the case, as reported by the presiding judge, has advanced so far as to raise any question other than that above considered. We do not think it expedient, or discreet, to pass in advance upon questions which may or may not be raised, and which if raised may be presented in some shape or mode which cannot be foreseen. To entitle himself to anything more than the first instalment, the plaintiff must prove either that he has fulfilled the contract so far as to entitle him to a further payment under it, or that he was prevented by them from such fulfilment. We are not prepared to say that mere refusal to pay the first instalment, and notice that they would not take the boat, would necessarily, under this contract, amount to a wrongful prevention of his completion of the work. That might depend upon circumstances not developed in this report.

*Case to stand for trial.*