drawn out all they were entitled to an amount sufficient to make an equal division of the assets of the firm. No partner can be held liable for property taken by another."

See, also, Darling v. Brewster, 55 N. Y. 667.

The interlocutory judgment does not adjudge that these defendants are jointly liable when providing "that the plaintiff have judgment against the defendants, and each of them, for the shares of stock and sums of money that may be found due him from said defendants, and each of them." The judgment provides for the taking and stating of the account, and that in taking said account the referee is to make all just allowances to the parties as between themselves, and to make allowance to the plaintiff for any depreciation in value to the stock, if any has occurred, and to report what shall appear to be due to either party or parties on the balance of said account. Construed in the light of the decision filed by the court and of the character of the litigation, this interlocutory judgment provides, not for a joint recovery, but for a final judgment against the defendants severally, to the extent of the amount chargeable against each, as may appear on the accounting.

So far as the exceptions taken by the defendant Hyde present a question as to the correctness of the referee's conclusion that the stock had a certain market value, to be resorted to for the purpose of determining the depreciation by reason of this defendant's acts, the finding of value and depreciation appears to be sufficiently supported by the evidence adduced; but the report must be sent back to the referee for further consideration, and for the making of a proper adjustment of the accounts as between the plaintiff and the defendant Garrison, in accordance with the views herein expressed.

Ordered accordingly.

(47 Misc. Rep. 447.)

### DELAWARE COUNTY NAT. BANK v. KING.

(Supreme Court, Special Term, New York County. June, 1905.)

1. GUARANTY—CONSTRUCTION OF CONTRACT—LIABILITY OF GUARANTORS—ACTIONS—PARTIES.

A contract made by four guarantors guarantied "to the plaintiff, each to the amount of $5,000, the payment" of a note. A little over $10,000 was paid on account of the note, and, the balance remaining unpaid, plaintiff brought suit against one of the guarantors alone for $5,000. Held, that the liability of the guarantors under the contract was several, and there was no defect of parties in not joining the remaining guarantors.

2. SAME.

The obligation of a guarantor is neither to be enlarged nor diminished by giving to the language employed a strained meaning, but in each instance the instrument is to be given effect according to the apparent intention and understanding of the parties as obtained from its context.

3. SAME—PLEADING.

A complaint alleged the making of a contract by defendant and three others, whereby they guarantied "to plaintiff, each to the amount of $5,000, the payment" of a certain note. It further alleged that the note had not been paid, "except that there was paid on account thereof" the sum of $10,000, and that "by reason of the facts aforesaid" defendant is indebted to plaintiff in the sum of $5,000, "no part of which has been paid." Held, that the complaint was not bad for failing to allege that the amount paid on account was not paid by defendant.

Action by the Delaware County National Bank against David Bennett King. On demurrer to complaint for insufficiency and for defect of parties. Overruled.

Nicoll, Anable & Lindsay, for plaintiff.
Clarence P. Moser, for defendant.

BISCHOFF, J. The action is brought upon a contract of guaranty of payment of a certain promissory note for $28,000, made by the defendant and three other individuals, whereby they guarantied "to the plaintiff, each to the amount of five thousand dollars ($5,000), the payment of said note, with interest at maturity," and the complaint proceeds to allege that the note was not paid at maturity, although duly presented; that the same was duly protested for nonpayment; that the plaintiff is the true and lawful owner and holder of said note; and that the same has not been paid, either in whole or in part, "excepting that there was paid on account thereof on October 27, 1904, the sum of $10,400.95;" and it is further alleged that, "by reason of the facts aforesaid, the defendant is justly and truly indebted to the plaintiff in the sum of five thousand dollars ($5,000), * * * no part of which has been paid, though duly demanded." The demurrer, so far as it proceeds upon a defect of parties, is based upon the theory that the guaranty in suit was joint, not several; but this contention does not accord with the apparent meaning of the contract, which is set forth in the complaint, according to its legal effect, in the words quoted above, viz., a guaranty by the parties named "each to the amount of five thousand dollars." When construing a guaranty, it is to be borne in mind that such instruments are of great commercial importance, and are frequently prepared by persons unacquainted with the requirements of technical accuracy; hence, the rule obtains that the obligation of a guarantor is neither to be enlarged nor diminished by giving to the language employed a strained meaning, but in each instance the instrument is to be given effect according to the apparent intention and understanding of the parties as obtained from its context. Gates v. McKee, 13 N. Y. 232, 64 Am. Dec. 545. The words employed in the complaint to describe the obligation of these guarantors, and which must be taken as a true statement of the language used, so far as it is set forth, denote, in ordinary acceptance and as a matter of reasonable understanding, that the guarantors agreed simply that each one should be liable to the extent of a separate item of $5,000 as security for the indebtedness. The use of the word "each" necessarily imports severalty in the ordinary acceptance of the term; examples of a similar construction, of much the same language, being found in the cases of Costigan v. Lunt, 104 Mass. 217, and Fell v. Goslin, 7 Exch. 185. Within the rule, therefore, "that several persons contracting together with the same party for one and the same act should be regarded as jointly, and not individually, liable, in the absence of any express words to show a distinct liability was intended to fasten upon the promisors" (1 Chit. Pl. [16th Ed.] 48), the apparent intention of this guaranty is that the liability of the guarantors should be several because of the particular words employed. See, also, Bort v. Snell, 39 Hun, 388.

Upon the question of the insufficiency of the complaint, it is argued for the defendant that while the pleading would not be open to demurrer, if nonpayment of the note at maturity had simply been alleged without the additional allegation of a credit of payment of a certain sum, the allegation that the sum of $10,400.95 was paid on account thereof discloses matter of defense, and renders the complaint demurrable. The contention is that, since it is not alleged that the sum of $10,400.95 was not paid by the defendant, the complaint, adopting the rule of strict construction as to matter of substance, bears the interpretation that the payment was made to cover the item of $5,000, for which the defendant was chargeable. It is also contended that since but $20,000 of this note was secured, and the balance of $8,000 unsecured, the law would apply the payment of $10,000 upon the secured portion of the debt. The question of the application of payments as between the secured and unsecured portions of the note would not be particularly material, since, crediting the $10,000 upon the $20,000 of secured items, there would still remain a balance of $10,000, or nearly that sum, as to which some liability would attach· upon the part of the guarantors whose guaranty had not been released by payment; and the actual question is, therefore, whether the credit of $10,400.95, as alleged in the complaint, is to be taken as importing a payment made by this particular guarantor, or for his account. The question might be a serious one but for the presence of the allegations of paragraph 6 of the complaint: "That by reason of the facts aforesaid, the defendant is justly and truly indebted to the plaintiff in the sum of five thousand dollars, * * * no part of which has been paid, though duly demanded." The allegation that no part of the sum of $5,000 has been paid is a distinct allegation of fact, and has sufficient relation to the statement, "by reason of the facts aforesaid, the defendant is justly and truly indebted to the plaintiff," to characterize the nonpayment as relating to the $5,000 guarantied by this defendant. Within the authorities, this allegation cannot be dismissed as a mere conclusion of law, and is operative to negative any presumption sought to be drawn from the allegation of the payment of the sum on account, that that payment was made by this defendant. See Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542.

For the reasons stated, the demurrer is overruled, with costs, with leave to plead over upon payment of costs within 20 days.

Demurrer overruled, with costs, with leave to plead over upon payment of costs within 20 days.