### Phenix Nerve Beverage Company *vs.* Dennis and Lovejoy Wharf and Warehouse Company.

Norfolk.   March 16, 1905. — September 9, 1905.

Present: Knowlton, C. J., Morton, Lathrop, Barker, & Hammond, JJ.

*Contract*, What constitutes.   *Agency.*

Where the terms of an oral contract are in dispute the question what contract the parties made is one of fact for the jury.

In an action by a manufacturer of nerve beverage and ginger ale against a warehouse company, for a breach of contract in allowing the plaintiff's goods stored in the defendant's warehouse to be frozen, evidence, offered by the defendant, that an employee of the plaintiff from time to time inspected the goods and expressed approval of the place where they were stored, properly may be excluded, if it appears that the employee was the plaintiff's bookkeeper who under the authority of the plaintiff's manager had attended to transferring the goods from another warehouse to that of the defendant, this not being sufficient to show any authority on the part of the employee to change the contract between the plaintiff and the defendant or to waive it.

Contract to recover damages for the freezing of certain goods of the plaintiff stored with the defendant.   Writ dated June 16, 1904.

At the trial in the Superior Court before *Bell*, J. it appeared that the defendant carries on a general warehouse business in the city of Boston ; that in February, 1903, the plaintiff stored with the defendant some thousands of cases of Phenix Nerve Beverage and ginger ale ; that portions of these goods were removed and additions were made to them from time to time ; that in March, 1904, the goods in about three hundred and fifty cases were found to be frozen.   The plaintiff alleged and contended that the defendant had made a special contract that the goods should not be allowed to freeze, and also that, apart from the special contract, the defendant was liable for the damage.

The evidence material to the exceptions is described sufficiently in the opinion.   The exceptions related to the following matters :

1. The defendant asked the judge to rule that the language used by Mr. Stewart, the manager of the plaintiff, and Mr. Brown,

the treasurer of the defendant, as testified to by Mr. Stewart and by Mr. Mitchell, an employee of the plaintiff, was not sufficient to establish an agreement or guaranty to so store and keep the goods that they should not freeze, as alleged in the plaintiff's declaration, and that Mr. Brown's statements constituted at most a mere expression of opinion, and not a guaranty that the goods would not be allowed to freeze. The judge refused this ruling, and the defendant excepted.

The judge, in a charge not otherwise objected to by the defendant, instructed the jury that, in order to find that the special contract alleged had been made, they must be satisfied that the minds of the parties met through their respective agents upon the terms of the contract substantially as alleged; that no particular words, letters or acts were necessary to make such a contract, but that they were entitled to consider not only what was said and written, but what was done by the parties in pursuance of the talk and letters, and to determine whether as reasonable men the agents of the plaintiff and the defendant understood the terms of the bailment as alleged by the plaintiff, and that, unless they so found, their answer to the first question, printed below, should be "No."

2. The defendant offered to prove that Mr. Mitchell had inspected the goods from time to time, had expressed approval of the place where they were stored and had on one occasion expressly approved the storing of a portion of the same goods in a room adjoining the one where the goods were stored and of exactly similar character. The plaintiff objected generally and on the ground that Mr. Mitchell was its bookkeeper and had no authority to act for the plaintiff in connection with these matters. The defendant contended that there was evidence from which the jury might find that Mitchell's acts were within the apparent scope of his authority, but the judge excluded the testimony, and the defendant excepted.

The judge submitted to the jury the following questions:

" 1. Was a special contract made between the parties in substantially the terms stated in the first and second counts of the plaintiff's declaration?

" 2. Omitting from your consideration any special contract, whether proved or not, was there any neglect by the defendant

of their general duty to the plaintiff, as warehousemen, causing the loss ? "

The jury answered the first question in the affirmative, and the second question in the negative. They returned a verdict for the plaintiff in the sum of $605 damages, upon which amount the parties had agreed ; and the defendant alleged exceptions.

*Roland Gray*, for the defendant.

*H. T. Richardson*, for the plaintiff, was not called upon.

LATHROP, J.    The defendant in this case did not admit that the oral contract was as testified to by the agent of the plaintiff. The case was therefore properly submitted to the jury. *Thruston* v. *Thornton*, 1 Cush. 89. *Camerlin* v. *Palmer Co.* 10 Allen, 539. *Winchester* v. *Howard*, 97 Mass. 303. *Gassett* v. *Glazier*, 165 Mass. 473.

The charge of the judge was sufficiently favorable to the defendant in instructing the jury that they were entitled to consider not only what was said or written, but what was done by the parties in pursuance of the talk and letters, and to determine whether the agents of the plaintiff and the defendant understood the terms of the bailment as claimed by the plaintiff; and that, unless they so found, their answer to the first question should be " No." *Saunders* v. *Clark*, 106 Mass. 331. *Proctor* v. *Old Colony Railroad*, 154 Mass. 251.

The bill of exceptions states that the defendant knew the character of the goods received ; that it knew that if the weather was unusually cold they would be likely to freeze in that portion of the defendant's building where they were stored ; that no agent or servant notified the plaintiff of this probability, and never said anything to the plaintiff in regard to the temperature or freezing until in March, 1904. Stewart, the manager of the plaintiff company, testified that upon discovering the damage he called Brown's attention to the fact that in the original conversation over the telephone the defendant accepted the goods after being notified that they must be kept in a suitable temperature, and that Brown, the defendant's treasurer, did not admit or deny such an arrangement. Brown in his testimony as to the telephone conversation said that he did not recollect Stewart's saying anything about temperature or freezing, but he would not deny absolutely that anything of the kind was said.

The plaintiff's witnesses also testified that the defendant did not give any notification of the freezing, and that it was discovered by the plaintiff some time after it occurred.

The first request for instructions was properly refused.

The remaining exception relates to the exclusion of evidence relating to the alleged acts and declarations of one Mitchell. The defendant offered to show that Mitchell had inspected the goods from time to time, had expressed approval of the place where they were stored, and had on one occasion expressly approved of the storing of a portion of the same goods in a room adjoining the one where the goods were stored, and of exactly similar character. On the question of the admissibility of the evidence there was testimony that Mitchell was the bookkeeper of the plaintiff, and, under authority of the manager of the plaintiff, had attended to the transfers of the goods from the warehouse where they previously had been to the defendant's warehouse.

If the contract was as the plaintiff contended, we find no evidence in the offer of proof to show any authority on the part of Mitchell to change the contract or to waive it. The evidence therefore was rightly excluded. *Baker* v. *Gerrish*, 14 Allen, 201. *Stollenwerck* v. *Thacher*, 115 Mass. 224. *Rowe* v. *Canney*, 139 Mass. 41. *Gilmore* v. *Mittineague Paper Co.* 169 Mass. 471, 476.

*Exceptions overruled.*