MARY P. KNOWLTON *vs.* HENRY PARSONS & others.

Suffolk.    November 22, 1907. — May 18, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY,
SHELDON, & RUGG, JJ.

*Contract*, Whether joint or several.    *Stenographer.*

In an action by a stenographer for services alleged to have been rendered to two
defendants jointly at hearings before an auditor in actions which the defendants
had brought against each other, if it appears that when the plaintiff was em-
ployed the defendants had agreed with each other that each of them should pay
only one half of her bill, but the plaintiff testifies that she was ignorant of this
arrangement and that, although she understood in a general way that the parties
would divide her bill, she did not agree to look to each of them for only one half
of it, it is a question for the jury whether there was a joint contract under which
each defendant is liable for the whole amount of the bill.

CONTRACT for services as a stenographer under an oral agree-
ment alleged to have been made with the plaintiff by the defend-
ant Parsons and the defendants J. Sumner Holt and Russell L.
Holt jointly, when certain actions, brought by Parsons and the
Holts against each other, had been referred to an auditor.    Writ
dated February 12, 1906.

In the Superior Court the case was tried before *Hardy*, J.
The defendants Holt did not appear in the action, and were
defaulted.    At the close of the evidence the defendant Parsons
asked the judge to make, among others, the following rulings :·

" 4.  That if the jury shall find that the defendant, Parsons
is liable to the plaintiff, they shall not find against him for more
than one half the total price of the work.

" 5.  That the defendant Parsons was not a joint contractor
with the other defendants, and if the jury shall find against him
it shall be against him individually for one half the amount of
the bill at the price which the jury shall find he authorized, and
not jointly with the other defendants for the full amount."

The judge refused to make these rulings, and gave other in-
structions to the jury, concluding as follows: " There is to be
no verdict for the defendant generally.    Your only question is
to find whether the special contract was made; is the plaintiff
entitled to recover the full amount here against both defendants,

that is, all the defendants in the case because there was a joint hiring, or was this special contract made making a special price, whereby she was only entitled to recover one half of the amount claimed here, and was the special contract made with the separate defendants, in such a way that she looked to them separately for the value of her services."

The jury returned a verdict against the defendant Parsons in the sum of $535.54, which was the entire price of all the stenographic work. The defendant Parsons alleged exceptions.

The case was argued at the bar in November, 1907, before *Knowlton*, C. J., *Hammond*, *Loring*, *Braley*, & *Rugg*, JJ., and afterwards was submitted on briefs to all the justices.

*J. P. Bell*, for the defendants.

*W. R. Buckminster*, for the plaintiff.

BRALEY, J. If there was evidence of a joint contract, the defendant Parsons's requests were denied properly. It is conceded by him, that, with his authority, the plaintiff had been engaged as a stenographer to take evidence in cross actions between himself and the other defendants at an agreed price, and that she rendered the services for which the action is brought. But, as her employment was under an agreement entered into by counsel of the respective litigants, whereby the defendant was to pay only one half, it is now contended that this amount is the limit of his liability. If, however, the jury believed the plaintiff, they were at liberty to find that she was ignorant of this arrangement, and, while understanding in a general way that the parties would divide her bill, yet she neither stipulated nor agreed to look to each for only a half. While among themselves, her employment was in common, with a proportionate division of the expense, this did not operate to render the contract several, where as between them and the plaintiff she attended under a joint request, unless at the time of hiring it was distinctly understood that their liability should be thus limited. *Bartlett* v. *Robbins*, 5 Met. 184. *Costigan* v. *Lunt*, 104 Mass. 217, 219. *Alpaugh* v. *Wood*, 24 Vroom, 638. It is not sufficient, that they intended their liability to be several, when she intended and was justified in believing it to be joint, and this was followed by the performance of indivisible personal services for both. *Costigan* v. *Lunt*, *ubi supra*.

Under clear and appropriate instructions the judge rightly left the question whether there was a joint contract for the jury to determine, and their verdict in favor of the plaintiff is decisive. *Gassett* v. *Glazier*, 165 Mass. 473. *Phenix Nerve Beverage Co.* v. *Dennis & Lovejoy Wharf & Warehouse Co.* 189 Mass. 82. *Caldwell* v. *Blanchard*, 191 Mass. 489.

*Exceptions overruled.*