(No. 17751.—Judgment affirmed.)
STEVE ZGLICZYNSKI, Defendant in Error, *vs.* LUDWIG SOKOL, *et al.* Plaintiffs in Error.

*Opinion filed October 22, 1927.*

1. APPEALS AND ERRORS—*when judgment of Appellate Court is conclusive—verdict.* Where a judgment for the plaintiff is affirmed by the Appellate Court and the only assignment of error presented in the Supreme Court is the refusal of the trial court to allow the defendant's motion to direct a verdict in his favor, the only question for the Supreme Court is whether there is any evidence to support the verdict, and the question whether the verdict is excessive cannot be considered.

2. CONTRACTS—*when question whether joint owner was party to contract is for jury.* Where the question as to the person with whom a contract is made is disputed, or where there is conflicting evidence as to the joint or several character of the contract, the question becomes one of fact for the jury, and where a written contract for a building improvement is signed by only one of two joint owners, the facts that the other joint owner permitted the property to be improved, supervised and directed the work and bargained for prices for the work may be considered in determining whether she is jointly liable.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. ALFAR M. EBERHARDT, Judge, presiding.

FRANK N. HILLIS, for plaintiffs in error.

GUY VANSCHAICK, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Defendant in error, Steve Zgliczynski, brought his action in the municipal court of Chicago to recover the balance due for labor performed and materials used in moving an old house and placing it on two lots belonging to plaintiffs in error, Ludwig and Frances Sokol, and for making repairs on and additions to it. There was a trial and a verdict in favor of defendant in error for $1181.60. Motions for new trial and in arrest of judgment were overruled and judgment was entered on the verdict. The Appellate Court for the First District affirmed the judgment, and the cause is here on *certiorari.*

The statement of claim alleges that plaintiffs in error on April 9, 1923, and thereafter, were joint owners of the old house and lots and that defendant in error made a written agreement with them in the following words and figures:

"Specifications for moving old building to the front, putting it on foundation, an addition of three rooms, two bed-rooms 10x11, front room 12x16, and a front porch, open, 6x12, rear porch, 7x24, stairs from rear porch to attic. Hot water heat and all necessary plumbing to be put in the building and new sink in kitchen, leaving old bath-room and toilet. Extra gas hot-water heater. Work to be done according to plans and electrical fixtures to be put in the three rooms. Price between builder and owner the sum of $3930.

LUDWIG SOKOL,
STEVE ZGLICZYNSKI."

The statement alleges further that Frances Sokol then and there stated that the terms of the contract were satisfactory to her and that her husband's signature would suffice for both; that defendant in error furnished labor and materials in accordance with the contract and performed it in so far as he was permitted by plaintiffs in error; that plaintiffs in error have paid to defendant in error $2566.90, leaving due under the written agreement $1363.10; that

extra labor and material were furnished to the amount of $571.50. By his affidavit of defense Ludwig Sokol denies that he joined Frances in any agreement with defendant in error, but admits that he entered into a written contract as set forth and also a verbal contract for certain extras. He alleges that defendant in error did not fulfill his agreement and denies that he is indebted to him for any further amount for labor and materials furnished. Frances Sokol by her affidavit of defense denies that she entered into a contract with defendant in error, that she is jointly indebted with Ludwig Sokol to defendant in error on account of the written contract set forth in the statement of claim, or that she is indebted to him in any sum whatever.

It is not shown by the abstract that any instructions were given to the jury nor is there any claim that there was error in instructions. The only assignment of error that is presented for our consideration is that based on the refusal of the trial court to allow the motion made at the close of plaintiff's case, and again at the close of defendants' case, to direct a verdict in favor of plaintiffs in error and to give an instruction to that effect tendered therewith. All questions of fact are concluded by the judgment of the Appellate Court, and the only question open for consideration here is whether there is any evidence to support the verdict. Whether the verdict was excessive was not presented to the trial court nor the Appellate Court and is not open for review in this court.

Defendant in error testified that both Sokol and his wife, Frances, directed him to make changes in that part of the construction covered by the written contract and to do work not covered by the contract. For instance, they asked him to paint the building for them, and he told them two coats would cost $160, and Frances said that was all right. They asked him to remove the old plaster and re-plaster the old part of the house. He told them it would cost $145, and Frances said they would pay $125, and he

agreed. After he had put two windows in one of the new rooms covered by the written contract, Frances asked him to take one of them out and put it in the other side of the room so that she would have space for her dresser. He told her it would cost $25, and she agreed. There is proof that both Ludwig and Frances were giving directions about the building and ordering changes in the original plans and directing further work to be done. Plaintiffs in error deny that changes or extras were ordered by Frances. The parties have treated the written instrument as a complete contract and have tried this case on that theory.

Conceding that Frances cannot be made a party to this contract by parol testimony, the question then is, Did the parties intend that she should be bound jointly with Ludwig for the extras? In determining this question the facts that she was a joint owner of the property, that she not only permitted her property to be improved but also jointly with her co-tenant supervised and directed the improvement, and that she bargained for prices for the work, are, with other circumstances, to be considered. Where the question as to the person with whom a contract is made is disputed, or where there is conflicting evidence as to the joint or several character of the contract, the question becomes one of fact for the jury. (*Knowlton* v. *Parsons,* 198 Mass. 439, 84 N. E. 798; *Sloan* v. *Courtenay,* 54 S. C. 314, 32 S. E. 431.) It has been found by the Appellate Court, upon a consideration of conflicting testimony, that an agreement existed between Frances Sokol and defendant in error and that she is jointly liable with her husband, Ludwig, and, there being in the record competent evidence to support this finding, this question of fact is conclusively settled by the judgment. (*Vossler* v. *Earle,* 273 Ill. 367; *Mayer* v. *Schneider,* 212 id. 286.) The trial court did not err in refusing to direct a verdict for plaintiffs in error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*