WILLIAM G. MURPHY & another, administrators, *vs.*
HARRIS J. NELSON.

Suffolk.    January 3, 1940. — May 21, 1940.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Contract*, What constitutes, Modification, Construction.   *Frauds, Statute
of.   Practice, Civil*, Auditor: objections to report.

A reply of a defendant, "All right," to a statement made by the plaintiff
in negotiations preliminary to an oral contract between the parties
respecting maintenance by them of a joint speculative account with a
stockbroker, did not as a matter of law make the subject matter of
the plaintiff's statement a part of the contract if the statement was
not intended to, and did not, constitute an offer.

A finding that an oral agreement extending for more than a year was
orally modified within the year by an agreement that it should termi-
nate within the year, made the contract as so modified not subject to
the statute of frauds.

The statute of frauds did not apply to an oral contract which terminated
within a year and was orally renewed as a single undertaking from
year to year.

Under a contract, extended from year to year by the parties, for the
maintenance by them of a joint speculative account with a stock-
broker, a finding was warranted that the transaction was to be treated as
a unit, profits and losses to be determined when the account was closed.

Objections to a report of an auditor whose findings of fact were final had
no standing on an appeal from an order for judgment on the auditor's
report where there had been no motion to recommit the report be-
cause of the objections.

CONTRACT.    Writ in the Superior Court dated January
30, 1936.

Judgment for the plaintiffs in the sum of $5,061.36 was
ordered by *Giles*, J.   The defendant appealed.

In this court the case was submitted on briefs.   The con-
tentions of the defendant in his brief were in substance that
the contract relied on by the plaintiffs was within the statute
of frauds and that there was no sufficient memorandum;
that the auditor's finding of a modification of the contract
was a conclusion of law unwarranted by his findings of fact
which, the defendant contended, showed no offer but merely

a suggestion by the plaintiffs' intestate; and that even if there were a modification as found by the auditor, it was oral and could not "affect the nonenforceability of his promise of July 22, 1929."

*W. H. Nelson & W. H. Nelson, Jr.*, for the defendant.

*M. J. Doyle & S. Abrams*, for the plaintiffs.

RONAN, J. This is an action of contract to recover thirty per cent of the losses arising out of a joint speculative account maintained with a firm of stockbrokers in the name of the defendant, and in which, the plaintiffs alleged, the defendant agreed with their intestate, John J. Murphy, hereinafter referred to as the plaintiff, to share the profits and losses in the proportion of seventy per cent to their intestate and thirty per cent to the defendant. Besides a general denial, the answer set up the statute of frauds. The case was referred to an auditor whose findings of fact were to be final. The defendant appealed from an order of judgment for the plaintiffs upon the auditor's report.

The auditor found that the parties had entered into an oral agreement in July, 1929, for the opening of a speculative account, which was to run until December 31, 1930; that all the essential terms of this agreement were included in a memorandum signed by the defendant on August 20, 1929, and given to the intestate; that within six months of its date the agreement of July, 1929, was modified by an oral agreement shortening its term from December 31, 1930, to December 31, 1929; and that thereafter the agreement was renewed from year to year until the account was closed on January 17, 1934.

The defendant makes various contentions upon the findings of the auditor. The construction of an oral agreement is a question of law when its language and terms are undisputed or are established by proof, *Wellington* v. *Apthorp*, 145 Mass. 69; *Gassett* v. *Glazier*, 165 Mass. 473, but the ascertainment of its terms and provisions, which are to be gathered from the conversation of the parties and their conduct, presents a question of fact. *Camerlin* v. *Palmer Co.* 10 Allen, 539. *Phenix Nerve Beverage Co.* v. *Dennis*

& *Lovejoy Wharf & Warehouse Co.* 189 Mass. 82. *Noble*
v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 19. *Edmund
D. Hewins, Inc.* v. *Marlboro Cotton Mills,* 242 Mass. 282.
There was no error in finding that the conversation regard-
ing the operation of the account as a marginal account,
the making of short sales, and the withdrawal of profits,
could be found not to have been intended by the parties
to be a part of their agreement but was intended to be a
part of the preliminary negotiations, and was no more than
an expression of an opinion or suggestion concerning the
transaction into which the parties contemplated entering.
*Hall* v. *First National Bank of Chelsea,* 173 Mass. 16, 19.
*Stewart* v. *Johnson,* 252 Mass. 287. *Pisco-Pausata* v. *Oliver
Ditson Co.* 276 Mass. 377. The parties and the subject
matter in the various memoranda could have been found
to have been identified with reasonable certainty. *New
England Dressed Meat & Wool Co.* v. *Standard Worsted
Co.* 165 Mass. 328. *McManus* v. *Boston,* 171 Mass. 152.
*Schmoll Fils & Co. Inc.* v. *Wheeler,* 242 Mass. 464. The con-
tention of the defendant, that his reply "All right" to the
statement of the plaintiff that he should be consulted before
the defendant made any short sales made such sales a part of
their oral agreement, is not tenable. In *Aldrich* v. *Bay
State Construction Co.* 186 Mass. 489, on which the defend-
ant relies, a similar statement was held to be sufficient to
show the acceptance of an offer. Here the auditor found
that what the plaintiff stated was not intended to, and did
not, as matter of fact, constitute an offer. The defend-
ant's reply must be interpreted in the setting in which it
was employed. A similar reply "All right" was held to
have been properly found by a master as not intended
to be any more than a tentative suggestion. *Nickerson* v.
*Weld,* 204 Mass. 346, 357. *Adler* v. *Safeguard Ins. Co.* 288
Mass. 409, 413.

The making of successive oral agreements, each of which
modified the previous existing agreement by extending its
term to the end of the next calendar year, was in every
instance followed by a memorandum signed by the de-
fendant. The auditor found as "a reasonable inference

from the giving on January 10, 1930 by the defendant to the plaintiff of a new memorandum, after a conversation with the plaintiff, that the defendant had accepted the suggestion of the plaintiff that the initial period of the account would terminate on December 31, 1929, and that the memorandum of January 10 was given by the defendant and received by the plaintiff as a renewal of an agreement which had already expired." He also further found that the parties agreed that the account was to run on an annual basis for a calendar year, and that it was renewed from year to year by similar memoranda. The finding of the auditor, that the term of the original oral agreement was shortened from December 31, 1930, to December 31, 1929, by agreement of the parties, was warranted upon the facts reported. There would be no need of the two written memoranda, one after the receipt of the plaintiff's letter of September 23, 1929, and the second dated January 10, 1930, if the term of the original agreement had not been reduced by mutual consent to December 31, 1929. And the finding of the auditor is confirmed by the subsequent conduct of the parties and by various written memoranda given by the defendant to the plaintiff. It follows from this finding of the auditor that the original agreement had been changed by shortening its term to December 31, 1929. It could properly be found that such modification was supported by a consideration and was binding upon the parties. *Cummings* v. *Arnold*, 3 Met. 486. *Whittier* v. *Dana*, 10 Allen, 326. *Thomas* v. *Barnes*, 156 Mass. 581. The only reason that the original agreement came within the statute of frauds was that it could not be performed within a year. But the result of the modification of the original agreement in 1929 was to terminate its performance on December 31, 1929. The subsequent agreement of 1929 was not within the statute of frauds because it could be performed within a year, and the same is true of the other subsequent oral agreements, all of which called for performance in a year. Each of these oral agreements modifying a previous agreement could be found to be a complete agreement in itself and none of them was

within the statute of frauds. We need not therefore decide whether the subsequent memoranda given by the defendant were sufficient to comply with the statute of frauds. Upon the findings of the auditor the statute of frauds was not a defence to the original agreement or to the various subsequent agreements. *Williams* v. *Moss' Empires, Ltd.* [1915] 3 K. B. 242. *Lieberman* v. *Templar Motor Co.* 236 N. Y. 139. 2 Williston (Rev. Ed.) Contracts, § 593. Am. Law Inst. Restatement: Contracts, § 223.

The report of the auditor shows that the parties were interested in the operation of a single account which began on July 22, 1929, and which continued until the account was closed on January 17, 1934; and that the parties agreed to share in certain proportions the profits and losses resulting from its operation. Each of the renewal agreements extended the operation of the account for a year, and the interest of each party in the profits and losses continued until a balance was struck between them upon the closing of the account. The defendant's share of the loss was $6,419.74, and the auditor was right in finding for the plaintiffs in this amount less the payments made on account by the defendant. The findings of the auditor show that the transaction was a single undertaking and that it should be treated as a unit; and the implied finding of the auditor included in his general finding for the plaintiffs, that the subsequent agreements were renewals of the account for a year, leaving the profits and losses to be determined when the account was closed, was warranted and must stand. *Edgar* v. *Joseph Breck & Sons Corp.* 172 Mass. 581, 583. *Corey* v. *Woodin*, 195 Mass. 464, 470. *O'Shea* v. *Vaughn*, 201 Mass. 412. *Noyes* v. *Noyes*, 224 Mass. 125, 132. *Kirkley* v. *F. H. Roberts Co.* 268 Mass. 246, 252–253. *Allen* v. *Williams Motor Sales Co.* 277 Mass. 295, 298. *MacLaren* v. *Windram Manuf. Co.* 287 Mass. 221.

Since the defendant made no motion to recommit the report of the auditor, his objections to the report have no standing. *Howland* v. *Stowe*, 290 Mass. 142, 145, and cases cited.

*Order for judgment affirmed.*