MARTIN GOLDSTEIN & another *vs.* BENJAMIN KATZ.

Suffolk. November 7, 1949. — March 7, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Contract,* Joint or several, Construction. *Joint Obligation.*

Under G. L. (Ter. Ed.) c. 232, § 8, a claim in set-off in an action brought by two upon a joint claim must be against them jointly.

At the trial of a claim against two partners by an employee of the firm, testimony of the employee respecting a conversation with them warranted a finding that they, who customarily did similar work, jointly promised him that, if, in addition to his regular duties for the partnership, he would take over some of their duties while they were employed in defence work, they would pay him $1,000, and that they did not severally promise to pay him $500 each.

CONTRACT. Writ in the Municipal Court of the City of Boston dated April 17, 1945.

On removal to the Superior Court, the action was tried before *Pinanski,* J.

*H. Bergson, Jr.,* for the plaintiffs.

*I. M. Libman,* (*J. J. Grady* with him,) for the defendant.

WILLIAMS, J. This is an action of contract to recover a balance of $69 for moneys lent, now admitted by the defendant to be due. The matter in dispute relates to a claim stated by the defendant in a declaration in set-off wherein it is alleged that the plaintiffs are jointly indebted to the defendant in the sum of $1,000. The case is before us after a verdict for the plaintiff in set-off, hereinafter referred to as the defendant, on the exception of the defendants in set-off, hereinafter referred to as the plaintiffs, to the denial of their motion for a directed verdict on the first count of the declaration in set-off. This count alleges that the defendant was employed by a partnership consisting of the plaintiffs and

a third person which was engaged in the sportswear business; that in February, 1944, the plaintiffs told him that if, in addition to his regular duties, he would take care of such part of their work as they were unable to perform, being employed elsewhere (in defence work) during the business hours of the partnership, until January 1, 1945, "they would pay to him the sum of $1,000"; and that although he had performed his part of the agreement they have refused to pay him.

The defendant testified that the plaintiff Greenberg said to him, in Goldstein's presence, "Goldstein and I have to stay in defence work. We don't want to go into the draft, and we have to work between the hours of three and eleven at night, and we won't have much time to devote to our business, and we want you to take over some of our duties and perform them to the best of your ability, and around Christmas time Mr. Goldstein and I will give you a thousand dollars, or five hundred dollars apiece if you will do so," and that he replied, "all right." He further testified that at Christmas time, on receiving a bonus of $50, he said to the plaintiffs, "Well you owe me a thousand dollars that you promised me," and they said, "That is all you are entitled to." His answers to questions on cross-examination were as follows: "Q. And if you did those various things, then each was to give you five hundred dollars, is that right? A. That is right. . . . — Q. Now, Goldstein was to give you five hundred dollars and Greenberg was to give you five hundred dollars, is that right? A. That is right. — Q. And if Greenberg would pay you five hundred dollars, why then you would have no further claim against him, that is, you would have to look to Goldstein for your five hundred? A. They told me a thousand dollars and each would give me five hundred. — Q. They each would pay you five hundred dollars, isn't that right? A. That is right."

The plaintiffs denied that there was any such conversation. There was evidence that Greenberg had charge of credits, correspondence, picking out orders and shipping, and that Goldstein's duties were about the same.

The motion of the plaintiffs, above referred to, alleges a variance between pleading and proof, they contending that the declaration in set-off alleges a joint promise while the proof shows several promises by the plaintiffs; that "the evidence does not warrant a verdict in favor of the plaintiff in set-off"; and that "the claim of the plaintiff in set-off is not the proper subject of a set-off in this action."

The ascertainment of the terms and provisions of an oral agreement from the conversation of the parties and their conduct ordinarily presents a question of fact. *Camerlin* v. *Palmer Co.* 10 Allen, 539. *Phenix Nerve Beverage Co.* v. *Dennis & Lovejoy Wharf & Warehouse Co.* 189 Mass. 82. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 19. *Edmund D. Hewkins, Inc.* v. *Marlboro Cotton Mills,* 242 Mass. 282. *Rizzo* v. *Cunningham,* 303 Mass. 16. *Murphy* v. *Nelson,* 306 Mass. 49, 50. The construction of an oral agreement becomes a question of law when its language or terms are not in dispute or are established by proof. *Gassett* v. *Glazier,* 165 Mass. 473. *Rizzo* v. *Cunningham,* 303 Mass. 16, 20. Here the language and terms of the alleged contract were in dispute. The plaintiffs denied that any such conversation as that to which the defendant testified took place. The occurrence of the conversation and the language therein used were properly submitted to the jury as questions of fact. The judge's charge is not before us and we may assume that it was adequate. *M & M Co. Inc.* v. *Hood Rubber Co.* 226 Mass. 181.

Remedy by set-off is provided by G. L. (Ter. Ed.) c. 232, § 8. See *Stone* v. *Old Colony Street Railway,* 212 Mass. 459, 465. Demands that may be set off must be mutual. *Walker* v. *Leighton,* 11 Mass. 140. *Warren* v. *Wells,* 1 Met. 80. *Bridgham* v. *Tileston,* 5 Allen, 371. The plaintiffs having asserted a joint claim against the defendant, his claim must be against them jointly to entitle him to a set-off. "Whether a contract is joint or several may depend upon the use of those terms, or upon the obvious nature of the undertaking." *Bartlett* v. *Robbins,* 5 Met. 184, 187. There was evidence that the plaintiffs customarily did similar work, from which

it was inferable that their respective duties were not easily distinguishable. The jury could have found that the plaintiffs gave the defendant reasonable grounds to believe that the work of both was to be performed as a whole, for which performance he would receive $1,000. The promise of both to pay this amount was not necessarily controlled by statements that each would pay $500. In *Bartlett* v. *Robbins*, cited above, three defendants agreed in writing to guarantee certain payments to the plaintiffs, the agreement providing, (at page 187) "the above contemplated advances shall be paid equally by the subscribing persons" (the defendants). It was said by the court, "we are of opinion, that this latter clause does not annul or control the plain and direct stipulation, by which the three defendants stipulated . . . to pay a sum of money to the three covenantors" (page 187). See also *Wood* v. *Farmer*, 200 Mass. 209; *Knowlton* v. *Parsons*, 198 Mass. 439. Compare *Costigan* v. *Lunt*, 104 Mass. 217. There was no error in denying the plaintiffs' motion for a directed verdict on count 1 of the defendant's declaration in set-off.

*Exceptions overruled.*