ROBERTS, J.
This is an action of contract on an account annexed in which the plaintiff seeks to recover the fair value of labor and materials furnished the defendant. The answer is a general denial.
By the terms of a written agreement dated April 29, 1949 the plaintiff became the sub-contractor of the defendant and agreed to do the plastering work involved in the erection of an addition the the Newton-Wellesley Hospital. This contract contained the following provision. (Par. 17).
“No alteration shall be made in the work room shown or described by the drawings and specifications except upon a written order signed by a properly authorized officer or agent on behalf of the contractor, and when so made the value of the work added or omitted shall be computed and the amount so ascertained shall be added to or deducted from the contract price.”
*[106] No question is here raised regarding the plaintiff’s performance of the work called for under the written contract but the defendant disputes the plaintiff’s right to recover more than $1,000. for item #14 of the declaration. This item involved extra work done by the plaintiff in rooms where it was found necessary to lower the ceilings so that exposed pipes would be covered with lathing and plastering. The plaintiff sought to recover the sum of $1790. for the work and the court found that the fair value of the material and labor of the disputed item to be $1454.
This particular work was first discussed at a conference between the parties’ representatives sometime late in the following November where an agreement was reached that the plaintiff was to do the work. At the close of the conference a short memorandum was drawn up but as neither party signed it the contract in dispute is entirely oral. Clearly the ascertainment of the terms and conditions of such an agreement presents a question of fact. Goldstein v. Katz, 325 Mass. 428, 430; Rizzo v. Cunningham, 303 Mass. 16.
The trial court’s finding that the agreement was that the work was authorized to be done by the plaintiff at a price to be computed on a work and material basis seems amply supported on the evidence reported and cannot be made the subject of a report Rendle Co. v. Conley & Daggett, Inc., 313 Mass. 712 and the only question for the consideration of the court is whether the trial court ruled correctly in passing on the defendant’s- requests Perry v. Hanover, 315 Mass. 167 at 169.
The principal argument of the defendant is that the trial court was in error in not ruling that the plaintiff was limited in recovery to the amount given by it as an estimate of the cost of the work involved. The validity of this contention in our opinion rests on the question of whether the estimate given was a term and condition of the agreement reached by the parties and being controverted was a question of fact for the court. It could have been found, as it was in this case, that the plaintiff did not in fact agree to do the work for the estimated price and that the estimate was intended to be a part of the preliminary negotiations and no more than an opinion or suggestion. Murphy v. Nelson, 306 Mass. 49, 51.
Norman M. Hussey, Atty. for Plff.
Joseph G. Bryer, Atty. for Deft.
The defendant’s request that there was no evidence of an oral waiver by the defendant of the requirement of a written order as called for under Article 17 of the written contract was rightly denied for the evidence clearly warrants the finding that this provision was waived by the parties and the court so found. This contention is not only inconsistent with the defendant’s admission of responsibility to the extent of $1,000. for this item which assumes the eixstence of a collateral agreement, the terms of which are in dispute but the finding of a waiver of this written contract is conclusive on the rights of the parties. Reid v. Doherty, 273 Mass. 388; Zlotnick v. McNamara, 301 Mass. 224.

Report dismissed.