*First District Court of Essex*

*Northern District*

No. 4825

WALTER C. HUNT, d-b-a

v.

JOHN J. KEOHANE, ET AL
AND
DANVERS SAVINGS BANK, Tr.

(November 4, 1955)

(This opinion has been abridged.)

*Gadsby, P. J.*   This is an action of contract to recover the fair value of plaintiff's services in drawing plans for a proposed motel unit, restaurant and cocktail lounge, which work, it is alleged, was ordered by the defendants. The defendants' answer is a general denial. The case was tried before (*Johnson, Sp. J.*)

The plaintiff duly filed requests for rulings which are hereinafter set forth.

The Court found the following:

### FINDINGS

This is an action of contract wherein plaintiff, an Architect, seeks to recover for services rendered defendants on an express contract to prepare certain plans, blue prints and specifications; there is also a count on quantum meruit. The answer is a general denial.

The plaintiff sought out the defendants and attempted to solicit business from the defendants. Defendants agreed to give the plaintiff an opportunity to try to get their business if the latter could "draw plans we can use." If such negotiations materialized, the plaintiff was to proceed in that

event to draw blue-prints and compile the necessary specifications.

The plaintiff spent many hours in drawing up such preliminary plans in the expectation that the defendants would find use for same. However, the plaintiff, although he made some plans, could not satisfy the defendants as to the type they "could use." The plaintiff, therefore, never reached the stage where blue-prints or specifications were made.

The plaintiff, if he had succeeded in soliciting the business of the defendants, was to be paid 3% of the cost of the construction. There was an agreement that the plaintiff was not to supervise any construction, but that if the defendants were to change their minds on the matter, an additional 3% would be charged by the plaintiff for such necessary supervision.

No reliable evidence was offered as to what it would cost to build from plans which the plaintiff prepared, even though same were never accepted by the defendants. Defendants denied that they ordered any plans or blue prints, nor that they used any plans or blue prints that plaintiff made to secure any permit to build from the local building inspector. Defendants denied that they got an estimate of $74,000 or any other specific amount to construct the "motels" from any plans of the plaintiff or that they got an estimate of $50,000 for a cocktail lounge. Defendants denied that they owed the plaintiff any money inasmuch as no preliminary plans of the plaintiff were acceptible. No blue prints or specifications were ever prepared by the plaintiff and submitted to defendants. I find that the defendants finally abandoned any thought of building the motels first thought of.

I find that the plaintiff's acts were a mere solicitation to do business and that no contract was ever entered into between the plaintiff and the defendants. I find for the defendants."

The plaintiff claims to be aggrieved by the findings of the Court and by its rulings, and alleges that:

(1) The judge's finding is against: a. The Law, b. The evidence, c. The law and the evidence.

(2) The judge did not report all the material facts in his findings.

(3) The judge denied plaintiff's requests for rulings numbered 3, 4, and 5.

The plaintiff has failed to point out wherein the Court did not report all the material facts, nor did he save any rights in this matter.

As far as the requests for rulings of law are concerned, the trial judge allowed request

(1) Where an architect makes plans for a building under an oral agreement for payment, he is entitled to the agreed price for the plans although the defendants never construct the building. *Kilham v. O'Connell*, 315 Mass. 721.

(2) Was waived, there was no error committed by the trial judge in his denial of the plaintiff's requests numbered 3, 4, and 5.

Request number (3) "On cross examination the defendant testified that he is "positive" that he agreed to pay for the plaintiff's services if satisfied with same." Was not proper for a ruling of law and was properly denied.

Requests numbered (4) "If the Court should find that defendant agreed to pay for the services of the plaintiff if satisfied with same, the test should be to the satisfaction of a reasonable man." *MacDonald v. Kavanaugh*, 259 Mass. 439, and

(5) "If the defendants gave pictures to the plaintiff, thereby expressing their desires and showing the type and design of structures desired, and if the plaintiff reproduced the same in his plans for the defendants, the test should be whether or not the plaintiff performed his work in a way which reasonably ought to have been satisfactory." *Bottini v. Addonizio*, 261 Mass. 456.

Were properly denied since they became immaterial in view of the specific findings of fact by the trial judge that no contract existed.

As was said in *Goldstein v. Katz*, 325 Mass. 428, 430: "The ascertainment of the terms and provisions of an oral agreement from the conversation of the parties and their conduct ordinarily presents a question of fact. *Camerlin v. Palmer Co.*, 10 Allen, 539. *Phenix Nerve Beverage Co. v. Dennis & Lovejoy Wharf & Warehouse Co.*, 189 Mass. 82. *Noble v. Mead-Morrison Manuf. Co.*, 237 Mass. 5, 19. *Edmund D. Hewkins, Inc. v. Marlboro Cotton Mills*, 242 Mass. 282. *Rizzo v. Cunningham*, 303 Mass. 16. *Murphy v. Nelson*, 306 Mass. 49, 50. The construction of an oral agreement becomes a question of law when its language or terms are not in dispute or are established by proof. *Gassett v. Glazier*, 165 Mass. 473. *Rizzo v. Cunningham*, 303 Mass. 16, 20. Here the language and terms of the alleged contract were in dispute."

The finding of facts by the trial judge that there was no contract therefore became conclusive. There being no prejudicial error, the *report is* therefore *dismissed*.

Charles F. Manning, for the plaintiff.
John J. Tobin, for the defendants.