*Southern District*

## FRANK H. LALLY d-b-a
## LALLY FUNERAL HOME
### v.
## MARY R. BROOKS &
## JOHN T. BROOKS

*Present*:   NASH, P. J., CALLAN AND SGARZI, JJ.

*Callan, J.*   Action of contract in three counts in which the plaintiff seeks to recover $350.00 from the defendants jointly and severally. Count No. 1 is against the defendant, Mary R. Brooks; Count No. 2 is against the defendant, John T. Brooks, and Count No. 3 is against both defendants.

The following facts are undisputed: The plaintiff, who operates a funeral home, was engaged by both defendants to bury the mother of the defendants and charged therefor $1,078.95. A brother of the defendants paid $350.00 of this amount. The defendant, Mary R. Brooks, paid $378.95, leaving a balance due the plaintiff of $350.00. No payment was made by the defendant, John T. Brooks. Both defendants together made arrangements for the funeral and the selection of a casket.

The judge, on October 2nd, 1956, found for the plaintiff for $350.00 against both defendants. On October 9th the judge, of his own motion vacated the finding of October 2nd and found for the plaintiff against the defendant, John T. Brooks, only. On October 15th the plaintiff filed a motion for a new trial and on Oct. 30th, the defendant, John T. Brooks, filed a motion for a new trial. After

hearing the judge denied both motions. Thereafter, on November 15th, the plaintiff filed a motion to vacate and amend the finding so that the finding would be against both defendants, jointly, and severally. This motion was denied.

The plaintiff, claiming to be aggrieved by the denial of this motion claimed a report to this court. Neither party filed requests for rulings and no special finding of facts was made by the judge.

As was stated in the case of *Muir Brothers Co. v. Sawyer Cons. Co.,* 328 Mass. 413, 414: "Ordinarily the question of the correctness of a general finding or decision cannot be raised by an exception or claim of report. The reason is that exceptions or claims of report lie only to questions of law and where there is a general finding without more, facts and law are interwoven to such an extent that no question of law is presented." However, in cases where subsidiary facts are admitted, stipulated, or found sufficient so that it may be determined whether the ultimate finding was correctly reached by the application of correct principals of law the aggrieved party may have the question of whether the judge's finding was warranted or compelled by the evidence determined. *Leshefsky v. Am. Employers Ins. Co.,* 293 Mass. 164-167. *Muir Brothers Co. case supra.* The report in this case states that at the trial "facts were undisputed." Whether the judge considered this as an agreed statement of all material facts, or as admitted facts, we do not know. We are assuming that he did and shall consider whether his finding was correct on these facts. *Leshefsky case supra.*

The only question is whether on the admitted facts the finding of the judge was warranted or required as a matter of law. *Ashapa v. Reed,* 280 Mass. 514; *Soutier v. Kaplow,* 330 Mass. 448, 450.

When the language or terms of an oral agreement are not in dispute the construction of the agreement becomes a question of law. *Gassett v. Glazier,* 165

Mass. 473; *Rizzo v. Cunningham,* 303 Mass. 16, 20.

As was stated in the case of *Bartlett v. Robbin,* 5 Met. 184, 187 "Whether a contract is joint or several may depend upon the use of these terms or upon the obvious nature of the undertaking."

In the case in issue it could have been found that the plaintiff was to perform his services for the benefit of both defendants for which he would receive compensation. The deceased was the mother of both defendants. There was no evidence of any expressed contract by either defendant to pay the plaintiff a part of the charge as his or her share. The facts show that the plaintiff was engaged by both defendants. Each had part in the selection of the casket and in determining the arrangements for burial. The services the plaintiff performed were indivisible. If there was any agreement between the defendants themselves as to the manner of payment this was not known to the plaintiff. The judge would thus be precluded from finding that the plaintiff agreed to look to each defendant for any part of his bill. The engagement of the plaintiff to perform his services was done under a joint request and there was no understanding by the plaintiff that the liability of the defendants was to be limited. The defendants did not promise separate performance to be rendered respectively by each of them. *Restatement, Contracts,* §113. There thus appears to be no facts upon which the court could find that the liability of the defendants was to be other than joint. *Knowlton v. Parsons,* 198 Mass. 439; *Donahue v. Emery,* 9 Met. 63; *Meyer v. Estes,* 164 Mass. 457; *Armstrong Knitting Mills v. Oakes,* 249 Mass. 397.

We are of the opinion that the liability of the defendants was joint and consequently in an action on a joint promise the judgment must be against all the defendants who were originally jointly bound. *Costigan v. Lunt,* 104 Mass. 217; *Tuttle v. Cooper,* 10 Pick. 281; *Cunningham v. Hobart,* 7 Gray 423.

There was prejudicial error in the judge's finding of October 9th and the plaintiff's motion should have been allowed to the extent that the defendants were jointly liable.

The finding for the plaintiff against John T. Brooks only is vacated and a finding is to be entered for the plaintiff in the sum of $350.00 against John T. Brooks and Mary R. Brooks. *So ordered.*

James M. Kendrick, for the Plaintiff.
John T. Brooks, Defendant Pro Se.