*Northern District*

No. 5629

### ANDREW C. BAYLE
v.
### WALTHAM PRECISION INSTRUMENT COMPANY, INC.

(October 16, 1962)

*Present:* Brooks, P.J., Eno & Parker, JJ.

Case tried to Connolly, J. in the Second District Court of Eastern Middlesex (Waltham). No. 2337.

*Parker, J.* This is an action of contract to recover two weeks' vacation with pay or the equivalent thereof.

The plaintiff's declaration alleges that in January 1958 the plaintiff entered into a contract with the defendant whereby the plaintiff was to render engineering services to the defendant, and the defendant agreed to pay the plaintiff a fixed salary with two weeks' vacation with pay each year, and that, at the request of the defendant, the plaintiff agreed with the defendant to defer his vacation in 1959. It further alleges that the defendant agreed to give the plaintiff two weeks' vacation with pay or the equivalent thereof at some future time. The plaintiff says he complied with the agreement, but the defendant has refused to do so and therefore the defendant owes the plaintiff $673.03, the equivalent of two weeks' vacation pay with interest from 1 January 1961 to date of demand. The defendant's answer was a general denial and payment.

*There was evidence that*: In January 1958 the plaintiff was hired by the defendant at a salary of $16,500 per annum with a two weeks' vacation each year. He received this salary and took two weeks' vacation in 1958. In 1959 the defendant received a contract to make clocks for satelites, the first delivery to be due that year. In view of this requirement, the defendant requested the plaintiff to defer his vacation for 1959, and it was agreed by the plaintiff and defendant that

the vacation would be deferred. The plaintiff in 1959 received his full salary which included a raise to $17,500. per annum. During the year 1960, the plaintiff did take a vacation from the 4th to 20th of October. On 31 December 1960, the defendant terminated the plaintiff's services. About two days after the plaintiff was notified of the termination of his contract and again in January 1961, the plaintiff requested that he be paid in lieu of the vacation deferred in 1959 and not taken by him. The defendant refused so to do.

The court found that at the time the defendant terminated the plaintiff's employment "the 1959 vacation of two weeks was still due the plaintiff".

The defendant claims to be aggrieved by the denial of the following requests for rulings:

"The only obligation of the defendant at the time of terminating the plaintiff's employment was to pay the plaintiff compensation for all services rendered up to the time of dismissal.

An employee who has been promised compensatory time off for additional work performed may not recover for such services following termination of employment when the employer, in denying requests for such time off, acted in the best judgment of existing business requirements."

The defendant also claims to be aggrieved by the court's denial of its motion for a finding for the defendant on the

ground that the evidence varied from the allegations contained in the plaintiff's declaration. We treat that motion as a request for ruling. *Forbes v. Gordon & Gerber, Inc.,* 298 Mass. 91, 94, 95.

Request for ruling No. 3 was properly denied. It is a request that as a matter of law the contract was only for the payment of compensation for services rendered up to the time of plaintiff's dismissal. The contract was oral and, on the evidence, the court has found that the plaintiff's vacation was deferred. There is no evidence that there was any limit of the time of deferment. The meaning of defer is to postpone. The vacation for 1959 was not allowed the plaintiff at the termination of the contract, and at the time of its termination, the vacation was still due the plaintiff under the contract. There was no evidence that the plaintiff waived his right to the vacation for 1959, nor that he knew of the policy of the company not to grant vacations other than in the year to which they applied. The report shows no error by the court in denying the ruling.

The ascertainment of terms and provisions of an oral agreement from the conversations of the parties is a question of fact — *Goldstein v. Katz,* 325 Mass., 428, 430.

Request for Ruling No. 5 was also properly denied. It is based on the case of *Fraser v. Franzin,* 338 Mass., 796, which

is plainly distinguishable from the case at bar. The agreement in that case was that the plaintiff was to be given for any overtime, an equal amount of time off *if the office schedule permitted* and, further the plaintiff voluntarily left the job. None of these conditions apply to the case at bar as there was no evidence that there was an agreement for time off if the office schedule permitted, and the evidence was that the defendant, not the plaintiff, terminated the contract.

The defendant's motion for a finding in his favor is based upon a variance between the plaintiff's declaration and the evidence upon which the court made the finding that "the 1959 vacation of two weeks was still due the plaintiff". The declaration alleges that the defendant agreed to give the plaintiff two weeks vacation with pay or the equivalent thereof. The evidence does not establish that the defendant agreed to give the plaintiff an agreed salary per annum and a two weeks' vacation per annum, which vacation it has not given the plaintiff, but has discharged him without allowing him the vacation which was deferred at the defendant's request. There is a variance. The evidence and the finding of the court entitles the plaintiff to damage for the defendant's breach of contract in preventing him from taking his deferred vacation. If the plaintiff files with the Clerk of the Second District Court of Eastern

Middlesex within 20 days of the receipt of notice of this Decision, an amendment to his declaration in conformance with this opinion, then upon the allowance of such an amendment, the report is to be dismissed. G. L. Chap. 231, §§ 51, 110 and 125,

*Pizer v. Hunt,* 253 Mass. 321, 331, and cases cited.

Shirley D. Bayle of Boston, for Plaintiff.
Frank A. Silver of Boston, for Defendant.